[No. 12041.   Department Two. — August 30, 1887.]

H. C. BELL, ADMINISTRATOR ETC. OF JOHN A. BELL, DECEASED, APPELLANT, *v.* E. H. HUDSON ET. AL., EXECUTORS ETC. OF WILLIAM M. BELL, DECEASED, RESPONDENTS.

ACCOUNTING — PARTNERSHIP — STALENESS OF CLAIM — COMPLAINT. — A court of equity, on account of the staleness of the claim, will not entertain an action for an accounting of the affairs of a partnership, which is brought by the personal representative of one partner, twenty-five years after his death, against the personal representative of the other, when the complaint fails to account for the delay by showing that the heirs of the former partner had no knowledge of their rights, or that there was some impediment to a prior action by them.

ID. — DEMURRER — DEFENSE OF STALENESS MAY BE RAISED ON. — In an action for an accounting, the defense of the staleness of the claim of the plaintiff may be taken advantage of by a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

ID. — REAL ESTATE AS PARTNERSHIP ASSETS — NATURE OF ACTION. — In such an action, an allegation in the complaint that a portion of the partnership assets consists of real estate, "which was acquired and at all times has stood in the name of the partners," in connection with other allegations, *held*, not to make the action one for partition, ejectment, or mesne profits.

APPEAL from a judgment of the Superior Court of Yuba County.

The facts are stated in the opinion.

*Hundley & Gale,* and *A. F. Jones,* for Appellant.

*W. C. Belcher,* and *William G. Murphy,* for Respondents.

HAYNE, C. — According to the complaint, the material facts are as follows: In 1849 John A. Bell and William M. Bell became partners " in the business of buying and selling stock, and the purchase of real and personal property." The business was carried on until the death of John A. Bell in 1859, at which time there was on hand, belonging to the firm, " a large amount of personal

property, consisting of stock cattle, beef cattle, horses, and mares, of the estimated value, as plaintiff is informed and believes to be true, of fifty thousand dollars; real estate situated in the county of Sutter and state of California, and in the county of Westmoreland, state of Pennsylvania, of the estimated value, as plaintiff is informed and believes to be true, of ten thousand dollars; which said real estate has at all times since the same was acquired and still does stand in the names of said partners, John A. and William M. Bell; together with notes and other demands of the estimated value of over ten thousand dollars, as plaintiff is likewise informed and believes to be true, beside other property to the plaintiff unknown."

No administration was had upon the estate of John A. Bell until June 3, 1885, when the plaintiff was appointed administrator. In the mean time, " and up to the third day of June, A. D. 1885, the said William M. Bell has continued and did continue individually in the possession of the whole of said real and personal property, and to manage and carry on said business, and dispose of said property, and to collect the debts and things in action, and to manage and control all the property in any wise belonging to said partnership, and during the time aforesaid used the said property in any manner he saw fit, and has sold and disposed of said property, and changed it into other property, and realized thereon large sums of money, the amount of which plaintiff does not know and cannot ascertain."

It is not alleged that the heirs of John A. Bell were ignorant of these proceedings on the part of William M. Bell, or that there were any impediments to the prosecution of their claims, or that they made any demand upon him, or in any way asserted their claims, during his lifetime. He died on June 3, 1885, and the defendants were appointed executors of his will. The complaint goes on to allege that " the said plaintiff

has requested and demanded of the said defendants a
statement and account of said copartnership transac-
tions, which the said defendants have neglected and
refused to give; and that he demanded of the said de-
fendants that they deliver over all property due and
owing, belonging or coming, to him as administrator of
the estate of John A. Bell, deceased; and that they pay
over to him as such administrator all sums of money as
were due to the estate of John A. Bell, deceased, as his
part of said partnership assets and property, which they
have likewise failed to do." The prayer is for an ac-
counting, and for general relief.

The court below sustained a demurrer to the com-
plaint, and the plaintiff not amending, final judgment
was entered in favor of the defendants. Two grounds
are urged in support of the judgment. It is argued, in
the first place, that the claim is barred by the statute of
limitations; and in the second place, that the claim is
so stale that a court of equity will refuse to enforce it.

1. In the view we take of the case, it is unnecessary to
pass upon the first question. Assuming in favor of the
plaintiff what we are inclined to think is true, — viz.,
that the trust is not one of those implied trusts against
which the statute runs, — we think that so far as the
claim for relief is founded upon the partnership trans-
action it is stale, and that a court of equity will not aid
its enforcement.

This is a defense peculiar to courts of equity, and ap-
plies, although no statute of limitations governs the case.
(*Harwood* v. *Railroad Co.*, 17 Wall. 81; *Sullivan* v. *Port-
land etc.*, 94 U. S. 811; *Godden* v. *Kimmell*, 99 U. S. 201;
*Sheldon* v. *Rockwell*, 9 Wis. 181; S. C., 76 Am. Dec. 265;
*Harrison* v. *Gibson*, 23 Gratt. 212; *Stout* v. *Seabrook*,
30 N. J. Eq. 189, 190; *Matter of Neilley*, 95 N. Y. 390;
*Groenendyke* v. *Coffeen*, 109 Ill. 329; 2 Story's Eq. Jur.,
sec. 1520.) It is not the same thing as equitable
estoppel, although it has been termed a *quasi* estoppel

(2 Pomeroy's Eq. Jur., secs. 816, 817); and hence the rules governing equitable estoppel (see *Boggs* v. *Merced Mining Co.*, 14 Cal. 279) do not apply. The ground of the doctrine was stated by Taney, C. J., delivering the opinion of the Supreme Court of the United States in *McKnight* v. *Taylor*, 1 How. 168, as follows: "We do not found our judgment upon the presumption of payment, for it is not merely on presumption of payment, or in analogy to the statute of limitations, that a court of chancery refuses to lend its aid to stale demands. There must be conscience, good faith, and reasonable diligence to call into action the powers of the court. In matters of account, where they are not barred by the act of limitations, courts of equity refuse to interfere after a considerable lapse of time, from considerations of public policy, and from the difficulty of doing entire justice when the original transactions have become obscure by time, and the evidence may be lost."

The principal foundations of the doctrine are acquiescence and lapse of time. But other circumstances will be taken into consideration. Thus it is a material circumstance that the claim was not made until after the death of those who could have explained the transaction. (See *Mooers* v. *White*, 6 Johns. Ch. 360; *Barnes* v. *Taylor*, 27 N. J. Eq. 259; *German-American Seminary* v. *Kiefer*, 43 Mich. 111; *Bolton* v. *Dickens*, 4 Lea, 577; *Hatcher* v. *Hall*, 77 Va. 578.) So it has been held that a change in the value and character of the property may be material. (*Bliss* v. *Prichard*, 67 Mo. 187; *Allen* v. *Allen*, 47 Mich. 79.) But as stated by Davis, J., in *McQuiddy* v. *Ware*, 20 Wall. 19, "there is no artificial rule on such a subject, but each case as it arises must be determined by its own particular circumstances." In other words, the question is addressed to the sound discretion of the chancellor in each case. (*Brown* v. *County of Buena Vista*, 95 U. S. 160; *Rayner* v. *Pearsall*, 3 Johns. Ch. *586; *Landrum* v. *Union Bank*, 63 Mo. 56.)

The following decisions are instances of the application of the rule to facts similar to the facts of the case under consideration. In *Groenendyke* v. *Coffeen*, 109 Ill. 339, which was a suit by the heirs of the deceased partner for an accounting, it was held that a delay of sixteen years rendered the claim stale. In *Codman* v. *Rodgers*, 10 Pick. 119, which was a suit for an accounting brought by the representatives of the deceased partner against the representatives of the surviving partner, it was held that a delay of seventeen years rendered the claim stale. In *Harris* v. *Hillegas*, 66 Cal. 79, which was a similar case, it was held that a delay of somewhat over twenty years rendered the claim stale. And like decisions were made in *Ray* v. *Bogart*, 2 Johns. Cas. 432, and *Harlow* v. *Lake Superior Company*, 41 Mich. 584. And in *McEwin* v. *Gillespie*, 3 Lea, 205, which was a similar case, it was held that a delay of twenty-one years rendered the claim stale.

Now, in the present case, the complaint does not allege that the heirs of John A. Bell had not knowledge of the proceedings of William M. Bell, or that there was any impediment to their action, and consequently it must be presumed that they had such knowledge, and that there were no such impediments. (*Marsh* v. *Whitmore*, 21 Wall. 184, 185; *McQuiddy* v. *Ware*, 20 Wall. 19; *Harwood* v. *Railroad Co.*, 17 Wall. 81.) Such being the case, we think that the fact that they delayed the assertion of their claim until the death of the surviving partner, a period of twenty-five years, is sufficient to make their claim stale.

It is contended, however, that this question cannot be raised on demurrer. But the preponderance of authority (and we think the better reason) is to the effect that it can. (*Landsdale* v. *Smith*, 106 U. S. 392; *Bliss* v. *Prichard*, 67 Mo. 189, 190; *Shorter* v. *Smith*, 56 Ala. 210.) The defense is, in substance, that the bill does not

show equity; or in the language of our statute, that the complaint does not state facts sufficient to constitute a cause of action. This is a ground of demurrer under our system.

We think, therefore, that so far as the claim for relief is founded on the partnership transactions a court of equity will not enforce it.

2. But the complaint alleges that the real property " has at all times since the same was acquired and still does stand in the names of said partners, John A. and William M. Bell." Does this, in connection with the other allegations, state a cause of action of any kind? We think not. The action cannot be considered as for partition between co-tenants because the administrator is not a co-tenant, and cannot bring such an action. (Freeman on Cotenancy and Partition, sec. 454.) It cannot be treated as an action of ejectment between co-tenants, because what is alleged does not amount to an averment of ouster (*Carpentier* v. *Webster*, 27 Cal. 561; *Carpentier* v. *Mendenhall*, 28 Cal. 487; S. C., 87 Am. Dec. 135); and it cannot be treated as an action for mesne profits, because (if for no other reason) there is no averment that the use of the land was of any value.

We see no aspect in which the complaint states a cause of action; and we therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.