## G. T. OLDHAM v. JOHN W. STEPHENS.

RES JUDICATA — *Setting Aside Deed* — *Fraud.* Where, in an action brought to set aside a quitclaim deed to certain real estate claimed to have been obtained by fraud, it appeared upon the trial that the title to the property had been quieted in another, in an action previously commenced and terminated in the same court, against the plaintiff in this action, who was a non-resident and upon whom service had been duly made by publication, *held,* that the findings and judgment in the former case are conclusive and binding upon the plaintiff below in this case, on the question of title to the real estate in question; and the plaintiff below having had no interest in the property in controversy at the commencement of this action, no fraud could be committed in obtaining a deed to property to which he had no title at the time.

*Error from Sedgwick District Court.*

THE opinion states the case.

*Hallowell, Hume & Gordon,* for plaintiff in error.

*J. R. Shields,* and *Campbell & Dyer,* for defendant in error.

Opinion by GREEN, C.: John T. Stephens brought this action in the district court of Sedgwick county to set aside a deed, alleged to have been fraudulently obtained by G. T. Oldham, for lot number 36, on Court street, in the city of Wichita. At one time, it seems the plaintiff below had owned the lot in question, but did not pay the taxes assessed against it, and it had been sold for the taxes and a tax deed executed to the purchaser. Sometime after this, the grantee in this tax deed commenced a suit against Stephens, the former owner of the lot, to quiet title, and on the 22d day of October, 1883, obtained a judgment against him, quieting the title to said real estate as against Stephens and all persons claiming under him. Stephens being a non-resident of the state at the time, service was made upon him by publication. On the 3d day of January, 1887, Stephens and his wife made a quitclaim deed to Oldham of all their interest in and to the

lot, and, on the 18th of January following, this action was commenced by Stephens to set aside this deed, alleging that the same had been obtained by deception as to the title and value of the lot. The claim was made that Oldham, through a brother who lived near Stephens, in Jasper county, Missouri, represented to Stephens that he had lost the title to said lot by a tax deed, and that the lot was of little value, being some distance from the business part of the city; that most of the improvements of the city were being built on the other side of the river from where this lot was located; that relying upon these representations, Stephens made the quitclaim deed, in consideration of $100, $10 of which was paid in cash sometime after the delivery of the deed; that Oldham assumed the payment of a debt of $40 which Stephens owed and gave his note for $50; that at this time the lot was reasonably worth $4,000. The answer of Oldham put in issue all of the allegations of the petition, except the agency of the brother living in Missouri.

At the November term, 1887, the case was tried by the court, and special findings of fact and conclusions of law were made in favor of the plaintiff. The defendant below brings the case to this court for review.

It is contended by the plaintiff in error that no fraud can be committed against a person respecting property in which he has no interest, where such person simply makes a quitclaim deed; that Stephens showed upon the trial of this action in the court below that at the time of the giving of the quitclaim deed he had no title to the lot. It appears from a record of a judgment in the same court, wherein Ida E. Harris was plaintiff and the defendant in error in this case was defendant, that Ida E. Harris was the owner and in the actual possession of this lot, and that the title to the lot had been quieted in Harris and against Stephens and all persons claiming under him. This evidence was introduced by the plaintiff himself. If this judgment is to have any force and effect whatever, it seems to us that it is decisive of this case. The court had jurisdiction of the property. The findings and

judgment of the court barred Stephens of all right and title to the real estate in controversy. Faith and credit must be given to such a judgment. (*Venable v. Dutch*, 37 Kas. 515; *Dillon v. Heller*, 39 id. 599; *Comm'rs of Marion Co. v. Welch*, 40 id. 767.) It was said in the last case cited that —

"In an action to quiet title to land, a general finding of title in the plaintiff, and consequently of no title in the defendants, is a conclusive and binding decision against the defendants on the question of title from whatever source it may be derived, and forever estops them from asserting a claim of title which existed at the time of the finding and judgment."

Whatever doubts may have existed in the minds of the bench and bar of the state in regard to the force and effect of such proceedings heretofore, the question has been set at rest by a recent decision of the supreme court of the United States, in the case of *Arndt v. Griggs*, 134 U. S. 316. In speaking for the court in that case, Mr. Justice BREWER said: "A state has power to provide by statute that the title to land within its limits shall be settled and determined by a suit in which the defendant, being a non-resident, is brought into court by publication only." Giving faith and credit to the judgment in the case of Harris *v.* Stephens, the title to the lot vested in Harris before the quitclaim deed was made from Stephens to Oldham, and Stephens parted with nothing by making conveyance. Fraud has been defined to be the unlawful appropriation of another's property with knowledge, by design and without criminal intent. (1 Bouv. Law Dict. 612.) According to the definition, fraud can only be perpetrated on rights, that is legal rights. (Bigelow, Frauds, 14.) Having lost all interest in the property in question by a failure to pay the taxes thereon, and a judgment and decree of a court of competent jurisdiction having determined and adjudicated that the plaintiff below had no title to the lot, we fail to see how any fraud could be perpetrated.

The judgment of the court below should be reversed.

By the Court: It is so ordered.

All the Justices concurring.