[No. 15393.   Department One.—March 24, 1894.]

PETER T. SECULOVICH, APPELLANT, v. SAMUEL P. MORTON, RESPONDENT.

TRUST—LACHES—BAR OF ACTION.—Where plaintiff purchased and caused to be conveyed to the infant son of the defendant a certain lot of land upon a parol agreement, that if the child should die unmarried and without issue, before he arrived at age, the defendant, after distribution of the property to him as heir, would, on demand of plaintiff, immediately convey the same to plaintiff, and the child died when a little over five years of age, but no demand was made by plaintiff for a conveyance for about twenty-four years after the death of the child, an action brought one year after such demand, to enforce the trust, is barred by the laches of the plaintiff.

ID.—ABSENCE OF DEFENDANT FROM STATE.—The fact that the complaint alleged that within six months after the death of the infant defendant left the state and has ever since resided in the state of Maryland, where demand was made upon him for a conveyance, does not relieve the bar of the cause of action, by the laches of the plaintiff in failing to make a demand for a conveyance within a reasonable time.

ID.—REMEDY OF PLAINTIFF—SERVICE BY PUBLICATION—APPOINTMENT OF COMMISSIONER.—Notwithstanding the defendant's absence from the state the plaintiff had a remedy to invoke the authority of the court, and,

CI. CAL.—43

upon service of protest in the manner prescribed by the statute, could have procured the appointment of the commissioner to convey the property to him.

ID.—EXPRESS TRUST—STATUTE OF LIMITATIONS—GREAT LACHES.—Although as a general rule the statute of limitations does not rule against an express trust where there is concealed fraud, yet when the injured party has been guilty of great laches in the prosecution of his remedy he will be barred in equity, on account of the paramount importance of having titles settled.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Moses G. Cobb,* for Appellant.

Where real property is purchased and the conveyance of the legal title is taken in the name of one person, while the consideration is paid by another, a trust arises in favor of the person paying the purchase price, and the holder of the legal title becomes a trustee for him. (Civ. Code, sec. 853; 2 Pomeroy's Equity Jurisprudence, sec. 1037, and cases.) The facts out of which the trust arises may be proved by parol. (*Boyles* v. *Baxter,* 22 Cal. 575; *Millard* v. *Hathaway,* 27 Cal. 119; *Sandfoss* v. *Jones,* 35 Cal. 481; *Roberts* v. *Ware,* 40 Cal. 637.) Possession of the trustee is possession of the *cestui que trust,* and the statute of limitations does not run. As between them, no length of time is a bar so long as the trustee does not repudiate the trust. (*Edwards* v. *University,* 1 Dev. & B. Eq., 325; *McKethan* v. *Murcheson,* 73 N. C. 483; 30 Am. Dec. 170; *Farnam* v. *Brooks,* 9 Pick. 212; *Provost* v. *Gratz,* 6 Wheat. 481; *Chicago etc. R. R. Co.* v. *Hay,* 119 Ill. 493; *Kane* v. *Bloodgood,* 7 Johns. Ch. 90; 11 Am. Dec. 417; *Dow* v. *Jewell,* 18 N. H. 349; 45 Am. Dec. 371; *Schroeder* v. *Johns,* 29 Cal. 274; *Miles* v. *Thorne,* 38 Cal. 335; 99 Am. Dec. 384; *Ponce* v. *McElroy,* 47 Cal. 155; Wood on Limitations, sec. 413.) Under our statute a stale equity is not a ground of demurrer. (Code Civ. Proc., secs. 307, 430 et seq.; *Cook* v. *De la Guerra,* 24 Cal. 239; *Cordier* v. *Schloss,* 12 Cal. 147; *Kimball* v.

*Lohmas,* 31 Cal. 159; *Bowen* v. *Aubrey,* 22 Cal. 566.)    The defendant having departed from the state, after the cause of action accrued, assuming that no demand upon him was necessary, the statute is in abeyance while he remains absent.    (Code Civ. Proc., sec. 351; *Hunt v. Sansane,* 110 U. S. 151.)

*A. C. Freeman,* for Respondent.

The trust was a resulting one, and the oral agreement to convey to plaintiff, whether the infant was bound by it or not, did not change the character of the trust. (*Bayles* v. *Baxter,* 22 Cal. 575.)    An action to enforce such a trust is within the statute of limitations, and the demurrer was rightly sustained on that ground.    (Perry on Trusts, sec. 865; *McLane* v. *Shepherd,* 21 N. J. Eq. 76; *Murdock* v. *Hughes,* 7 Smedes & M. 219; *Strimfler* v. *Roberts,* 18 Pa. St. 300; 57 Am. Dec. 606; *Howell* v. *Howell,* 15 Wis. 55.)    If the plaintiff's action be regarded as resting, not upon the supposed resulting trust, but upon the agreement alleged to have been made by parol, it must fail, because not only was it without consideration, but being by parol it could not of itself create a trust. (Civ. Code, secs. 852, 1624; *In re Groome,* 94 Cal. 72; *Barr* v. *O'Donnell,* 76 Cal. 471; 9 Am. St. Rep. 242.)    The action is barred by laches in its prosecution.    (*Smith* v. *Clay,* 3 Brown's Ch. 640, note; *Bell* v. *Hudson,* 73 Cal. 287; 2 Am. St. Rep. 791; *Henner* v. *Moulton,* 138 U. S. 495 (delay of 13 years); *Harris* v. *Hillegass,* 66 Cal. 79 (delay of 20 years); *Godden* v. *Kimmel,* 99 U. S. 201, 210 (delay of 14 years); *Codman* v. *Rogers,* 10 Pick. 119 (delay of 17 years); *Neppach* v. *Jones,* 20 Or. 491; 23 Am. St. Rep. 145 (delay of 10 years); *Groendyke* v. *Coffeen,* 109 Ill. 339 (delay of 16 years); *Speidel* v. *Henrici,* 120 U. S. 367; *Hume* v. *Beale,* 17 Wall. 336; *Matter of Neilly,* 95 N. Y. 390; Story's Equity Jurisprudence, sec. 1520; *McKnight* v. *Taylor,* 1 How. 168; *Pratt* v. *Vatier,* 9 How. 416.)    The rule of these cases is applicable to actions of the same character as plaintiff's.    (*Birdsall* v. *Johnson,* 44 Mich. 134; *Blip* v. *Prichard,* 67 Mo. 181; *West* v. *Rus-*

*sell,* 74 Cal. 544; *Shorter* v. *Smith,* 56 Ala. 210; *Henner* v. *Moulton,* 138 U. S. 486; *Godden* v. *Kimmel,* 99 U. S. 201; *Castner* v. *Walrod,* 85 Ill. 171; 25 Am. Rep. 369; *Hume* v. *Beale,* 17 Wall. 336; *Pratt* v. *Vatier,* 9 How. 416.) There is no doubt that the defense of laches may be taken by demurrer. (*Speidel* v. *Henrici,* 120 U. S. 367; *National Bank* v. *Carpenter,* 101 U. S. 567; *Lansdale* v. *Smith,* 106 U. S. 391; *Bell* v. *Hudson,* 73 Cal. 285; 2 Am. St. Rep. 791; *Harris* v. *Hillegass,* 66 Cal. 79.) Defendant's absence from the state did not constitute any impediment to the plaintiff's maintaining an action. The court had power, upon service of process upon defendant without the state in any mode sanctioned by the statute of the state, to appoint a commissioner to convey the property to plaintiff, or to grant him any other form of relief essential to the full and adequate enforcement of his rights. (*Felch* v. *Hooper,* 119 Mass. 52; *Perkins* v. *Wakeham,* 86 Cal. 580; *Adams* v. *Cowles,* 95 Mo. 501; 6 Am. St. Rep. 74; *Applegate* v. *L. M. Co.,* 117 U. S. 266; *Arndt* v. *Griggs,* 134 U. S. 320.)

PATERSON, J.—On January 16, 1862, plaintiff purchased and caused to be conveyed to George H. Morton, infant son of defendant, a certain lot of land in the city and county of San Francisco, upon the parol agreement that if the child should die unmarried and without issue before he arrived at the age of twenty-one years, defendant, after distribution of the property to him as heir, would, on demand of plaintiff, immediately convey the same to the latter. The child died when a little over five years of age—December 16, 1866 —but no demand was made by plaintiff for a conveyance until February 14, 1890. In February, 1891, this action was brought for judgment declaring that defendant holds the land in trust for plaintiff, and requiring him to convey the same. A demurrer to the complaint was sustained, and, plaintiff failing to amend, judgment was entered in favor of defendant.

It is claimed that the cause of action stated is not stale or barred by the statute of limitations, because it is alleged in the complaint that within six months after the death of George H. defendant left this state, and has ever since resided in the state of Maryland, where the demand above referred to was made upon him February 14, 1890.

We think the demurrer was properly sustained. The defendant's absence from the state did not deprive the plaintiff of a remedy. He might have invoked the authority of the court, and, upon service of process in the manner prescribed by the statute, could have procured the appointment of a commissioner to convey the property to him. (*Perkins* v. *Wakeham,* 86 Cal. 580; *Applegate* v. *L. M. Co.,* 117 U. S. 266; *Arndt* v. *Griggs,* 134 U. S. 320; *Adams* v. *Cowles,* 95 Mo. 501; 6 Am. St. Rep. 74; *Felch* v. *Hooper,* 119 Mass. 52.)

Irrespective of the question whether the defendant's absence from the state prevented the running of the statute of limitations, we think the judgment of the court below was right, because the plaintiff did not make a demand within a reasonable time. Failing to do so, his cause of action became barred by his laches. True, it is a general rule that the statute does not run against an express trust where there is concealed fraud; but when the injured party has been guilty of great laches in the prosecution of his remedy he will be barred in equity on account of the paramount importance of having titles settled. (*Godden* v. *Kimmel,* 99 U. S. 202; *Hume* v. *Beale's Executrix,* 17 Wall. 348; *Bell* v. *Hudson,* 73 Cal. 287; 2 Am. St. Rep. 791; *West* v. *Russell,* 74 Cal. 544; *Chapman* v. *Bank of California,* 97 Cal. 159.)

Judgment affirmed.

GAROUTTE, J., and HARRISON, J., concurred.