Staunton.

McGavock & Others v. Clark & Others.

September 19, 1895.

1. Personal Decree—*Non-Resident Defendant.*—There can be no personal decree against a non-resident defendant who has never appeared in the suit.

Argued at Wytheville.    Decided at Staunton.

Appeal from a decree of the Circuit Court of Wythe county, pronounced November 17, 1894, in a suit in chancery wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

This was a suit for the specific performance of a contract of sale of a tract of 262 acres of land in Wythe county. The bill charged the sale of the land to Clarence M. Clark, Arthur C. Denniston, S. W. Jamison, James S. Simmons, and the Max Meadows Land and Improvement Company, at the price of $200 per acre, of which $20,000 was paid in cash, and for the residue a credit was allowed of one year, to bear interest from the date of the deed of conveyance. The deed recited a sale to Denniston and conveyed the land to him, reserving a lien for the deferred payment of purchase money. This deed was signed by Denniston. The bill prayed for an enforcement of the lien reserved, and for a personal decree for the balance. The bill was twice amended, and demurrers and answers were filed by all of the defendants except Clark and Denniston, who were

non-residents, and were proceeded against by order of publication. The complainants claimed that the negotiations were had by them with Clark, acting for undisclosed principals, and that these principals were the other persons named as purchasers. The defendants who answered denied that they were the purchasers, or that Clark had any authority to act for them, or even professed to act for them, and averred that he was acting for a company to be organized, and which was in fact afterwards chartered but never organized under the charter, and that the company was to take the land and be solely responsible for the purchase, and that this was known to the complainants at the time of the sale. The Circuit Court being of opinion that the complainants were not entitled, on the pleadings and proofs, to the relief prayed against any of the defendants except Denniston, dismissed the original and amended bills, with costs, as to all of the defendants except Denniston and the Max Meadows Land and Improvement Company.

The latter company was retained as a necessary defendant for other reasons, but the court declared the complainants not entitled to the relief prayed against it. The Circuit Court was further of opinion that Denniston had "personally appeared in this cause by giving notice to take depositions therein, and appearing and examining witnesses therein in his behalf, and is therefore liable to be decreed against personally in this cause," and thereupon pronounced a decree against him for the amount of complainants' debt and interest. The chief contention was whether the other defendants were parties to the contract of purchase. On the evidence, the Circuit Court was of opinion that they were not.

The other facts sufficiently appear in the opinion of the court.

*Fulton & Fulton, Walker & Caldwell,* and *J. W. Caldwell,* for the appellants.

*Scott & Staples,* for J. S. Simmons and S. W. Jamison, appellees.

*Bolling & Stanley* and *R. G. H. Kean,* for the Max Meadows Land and Improvement Company, appellee.

Keith, P., delivered the opinion of the court.

J. C. McGavock and others filed a bill in the Circuit Court of Wythe county against Clarence M. Clark, A. C. Denniston, S. W. Jamison, James S. Simmons, and the Max Meadows Land and Improvement Company, in which they aver that, in 1890, they sold a tract of land on the south side of Reed Creek, adjoining the land of the Max Meadows Land and Improvement Company, containing 262 acres, at the price of $200 per acre, to the defendants, of which sum $20,000 was paid in cash, and the residue bore interest from 30th day of September of the year named. The claim of the bill is that this sale was negotiated by Jacob C. McGavock, on the part of the plaintiffs, and Clarence M. Clark on the part of and as agent for all the defendants named. The deed, which was executed in pursuance of the contract, conveys the land to Arthur C. Denniston only, and a lien for the unpaid purchase money is expressly reserved upon the face of the deed. The object of this bill is to establish the liability of the other parties named as defendants, and to have a personal decree against them as a security additional to the land itself for the money due upon it.

To this bill a demurrer was filed, which appears to be upon behalf of the defendants, and in September, 1892, the court entered a decree sustaining the demurrer, with leave to file an amended bill. The amended bill was filed, and sets out more in detail the facts above stated, and, in addition, shows that there was a lien upon this property by deed to Jamison, for the benefit of theFullers, for $20,000, but in

the main presents the same ground for relief as the original bill.

Subsequently a second amended bill was filed, in order to meet certain difficulties which arose upon the coming in of the answers of the Max Meadows Land and Improvement Company, James S. Simmons, and S. W. Jamison, who had answered the original and first amended bill. In the second amended bill the plaintiffs charge that the denials of the respondents, who answer the original bill, are evasive, and they therefore, in their second amended bill, seek to probe the consciences of the defendants by calling upon them to answer thirteen interrogatories, answer under oath as to the residue of the bill being expressly waived. To this amended bill the Max Meadows Land and Improvement Company, S. W. Jamison and James S. Simmons filed their answers. The answer of James S. Simmons does not appear in the printed record, but counsel admit, by a written stipulation, that his answer was filed in the cause, and is in all respects identical with that of S. W. Jamison. Clark and Denniston have not answered, are non-residents, and there has been no service of process upon them, and it seems that no one has been authorized to appear for them.

Upon the pleadings thus made, evidence was taken, and the cause was submitted to the judge of the Circuit Court for decision, who entered a decree dismissing the bill as to all of the defendants except Denniston, and decreeing, as to him, the full amount of the purchase money remaining unpaid; and, with a view to the sale of the land under the vendor's lien, directing certain accounts to be taken. From that decree the plaintiffs have appealed, which brings the case before us for review.

There are many questions of interest presented with much learning and ability upon the brief of counsel for the appellants, which, in the view taken of the case by the court, it will be unnecessary to consider. It seems to us that, how-

ever the law may be upon the subject discussed by the appellants, the facts of the case are plainly against them. Against Denniston the court decreed in their favor all that was prayed for, and from that decree he has not appealed. Against Clark, who never appeared in person or by counsel, there could be no personal decree; while, with respect to the other defendants, the Max Meadows Land and Improvement Company, James S. Simmons, and S. W. Jamison, there is a total absence of evidence to justify the court in granting the relief sought against them.

For the foregoing reasons, we are of opinion that there is no error to the prejudice of the appellants in the decree complained of, and that the same must be affirmed.

*Affirmed.*