# Richmond.

## CLEM v. GIVEN'S EXECUTOR AND OTHERS.

### November 22, 1906.

Absent, Buchanan, J.

1. PROCESS—*Publication—Proceedings in Rem—Specific Performance.*—While a personal judgment rendered on a substituted service of process is, in the absence of any waiver, void even in the state where rendered, a bill for the specific performance of a contract to convey real estate when authorized by statute to be maintained on an order of publication is substantially a proceeding *in rem;* and it is entirely competent for the state to provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which a defendant, being a nonresident, is brought into court by publication.

2. PROCESS—*Publication—Specific Performance—Non-resident Executor as Defendant.*—Section 3230, 3231 and 3232 of the Code (1904) relating to orders of publication, though general in their character, afford ample authority for a proceeding by publication against a non-resident executor upon a bill for specific execution of a contract to convey real estate contracted to be sold by him, especially where the beneficiaries under the will are residents of the state, are united as defendants, and are before the court on personal service of process.

3. DEEDS—*Special Commissioner.*—A deed made by a special commissioner of a court of chancery appointed for that purpose conveys the legal title of all the parties to the suit.

Appeal from a decree in chancery of the Circuit Court of Augusta county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*T. K. Hackman,* for the appellant.

*Timberlake & Nelson,* for the appellees.

WHITTLE J., delivered the opinion of the Court.

The bill in this case was filed by the appellant, W. J. Clem, against J. E. Givens, executor of W. C. Givens, deceased, and the widow and children of the testator, five of the latter being infants, for specific performance of a written contract of sale between the executor and the appellant of real estate situated in Augusta county, Va.

. By his will, which was probated in the County Court of that county, in which court the executor also qualified, the testator empowered the executor to sell and convey his real estate at any time during the minority of his youngest child, and to distribute the proceeds among his children, paying the shares of minors to their duly qualified guardians. The widow and children are residents of the county of Augusta, but the bill charges that the executor is a non-resident of the state, and he was proceeded against by publication.

The record shows that at the first calling of the case, by consent of all parties by counsel, it was submitted to the judge of the court for decision in vacation; but it is admitted that the agreement to this submission was not to be considered as a general appearance on the part of the non-resident executor. Subsequently, by demurrer to the bill, he denied the jurisdiction of the court to decree specific performance of the contract in question. The Circuit Court sustained the demurrer and dismissed the bill, and the correctness of that ruling is now before us for review.

It may be conceded in the outset that a personal judgment against a non-resident upon substituted process, is void, under the due process clause of the Fourteenth Amendment of the constitution of the United States, even in the state where rendered. This was distinctly held in the leading case on the subject of *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565, where

it was adjudged indispensable to the validity of a proceeding *in personam* that personal service of process on the defendant be had within the jurisdiction, unless there has been a general appearance, which, of course, operates as a waiver of process. *Huling* v. *K. R. & T. Co.,* 130 U. S. 559, 32 L. Ed. 1045, 9 Sup. Ct. 603; *Haddock* v. *Haddock,* 201 U. S. 562, 50 L. Ed. 867, 26 Sup. Ct. 565. If, on the other hand, the proceeding be *in rem,* or *quasi in rem,* where the *res* to be affected by the litigation is within the jurisdiction of the court, notice by publication is ordinarily sufficient.

"Jurisdiction is acquired in one of two modes: First, as against the person of the defendant, by the service of process; or, second, by a procedure against the property of the defendant within the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. It must be substantially a proceeding *in rem.* The bill for the specific execution of a contract to convey real estate is not strictly a proceeding *in rem* in ordinary cases; but where such a procedure is authorized by statute, on publication, without personal service of process, it is substantially of that character." *Boswell's Lessee* v. *Otis,* 9 Howard 336, 13 L. Ed. 164.

*Arndt* v. *Griggs,* 134 U. S. 316, 33 L. Ed. 918, 10 Sup. Ct. 557, is authority for the proposition that "A state may provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which a defendant, being a non-resident, is brought into court by publication."

That was an action to recover possession of land and to quiet title. At pages 320, 321 Mr. Justice Brewer, in response to the suggestion that an action to quiet title is a suit in equity, and that equity acts upon *the person,* observes: "While these propositions are doubtless correct as statements of the general rules respecting bills to quiet title and proceedings in courts of equity, they are not applicable or controlling here. The question is

not what a court of equity, by virtue of its general powers and in the absence of a statute, might do, but it is what jurisdiction has a state over titles to real estate within its limits, and what jurisdiction may it give by statute to its own courts, to determine the validity and extent of the claims of non-residents to such real estate?

"If a state has no power to bring a non-resident into its courts for any purposes by publication, it is impotent to perfect the titles of real estate within its limits held by its own citizens; and a cloud cast upon such title by a claim of a non-resident will remain for all time a cloud, unless such non-resident shall voluntarily come into its courts for the purpose of having it adjudicated. But no such imperfections attend the sovereignty of the state. It has control over propertly within its limits, and the condition of ownership of real estate therein, whether the owner be stranger or citizen, is subject to its rules concerning the holding, the transfer, liability to obligations, private and public, and the modes of establishing titles thereto. It cannot bring the person of a non-resident within its limits—its process goes not beyond its borders—but it may determine the extent of his title to real estate within its limits, and for the purpose of such determination may provide any reasonable methods of imparting notice."

This is an instructive case and reviews the authorities bearing on the subject under discussion, and it leaves no room to doubt the power of the states to provide substituted process in all proceedings relating to or affecting the titles to lands within their respective limits.

The subject is also interestingly treated in 5 Pomeroy's Eq. Jur. (Pom. Eq. Remedies, Vol. I), sections 12, 13, 14 and 15. At section 15 the author says: "As a result of statute it is held in many states that a decree removing a cloud from or quieting titles to land within the jurisdiction may be based upon publication of summons." Citing *Arndt* v. *Griggs, supra; Bryan* v. *Kennett,* 113 U. S. 179, 23 L. Ed. 908, 5 Sup. Ct. 407; *Ormsby*

v. *Ottman,* 85 Fed. 492; *Morrison* v. *Marker* (C. C.) 93 Fed. 692; *Perkins* v. *Wakeham,* 86 Cal. 580, 21 Pac. 51, 21 Am. St. Rep. 67; *Kundson* v. *Litchfield,* 87 Ia. 111, 54 N. W. 199; *Dillon* v. *Hiller,* 39 Kan. 599, 18 Pac. 693; *Oldham* v. *Stephens,* 45 Kan. 369, 25 Pac. 863; *Short* v. *Caldwell,* 155 Mass. 57, 28 N. E. 1124; *Scarborough* v. *Myrick,* 47 Neb. 794, 66 N. W. 867; *Robinson* v. *Kind,* 23 Nev. 330, 47 Pac. 1, 977; *American B. & L. Assn.* v. *Mathews,* 13 Tex. Civ. App. 425, 35 S. W. 690. "Likewise a decree for specific performance, acting upon the land itself, may issue upon such service." Citing *Boswell's Lessee* v. *Otis, supra* (action to cancel deed); *Carson* v. *Shoemaker,* 55 Minn. 388, 57 N. W. 134 (reformation); *Seculovich* v. *Martin,* 101 Cal. 673, 36 Pac. 387, 40 Am. St. Rep. 106 (suit to compel conveyance by absent trustee).

In a note to section 14 reference is made to the statutes of the various states, including section 3418, Virginia Code, 1904. That section provides: "A court of equity, in a suit wherein it is proper to decree or order the execution of any deed or writing, may appoint a commissioner to execute the same; and the execution thereof shall be as valid to pass, release or extinguish the right, title and interest of the party on whose behalf it is executed as if such party had been at the time capable in law of executing the same, and had executed it."

It has been held that a deed made by a special commissioner appointed and empowered to convey land under that section passes the legal title of all parties to the suit. *Hurt* v. *Jones,* 75 Va. 341.

Virginia Code, 1904 (sections 3230, 3231, 3232), provides for process by publication; and section 3232 declares that "upon any trial or hearing under this section, such judgment, decree or order shall be entered as may appear just." While the language of these sections is general, we are of opinion that it comprehends *quasi* proceedings *in rem,* the object of which is to reach and dispose of property within the state.

This construction of the statute is sanctioned by the decision

of the Supreme Court of the United States in the case of *Roller* v. *Holly,* 176 U. S. 398, 44 L. Ed. 520, 20 Sup. Ct. 510, a proceeding against a non-resident of Texas to foreclose a vendor's lien upon land in that state. In the course of his opinion Mr. Justice Brown, at pages 406, 407, of 176 U. S., remarks: "It is true there is no statute of Texas specially authorizing a suit against a non-resident to enforce an equitable lien for purchase money, but Article 1230 of the code of Texas . . . . contains a general provision for the institution of suits against absent and non-resident defendants, and lays down a method of procedure applicable to all such cases. . . . When the statute specifies certain classes of cases which may be brought against non-residents, such specification doubtless operates as a restriction and limitation upon the power of the court; but where, as in Article 1230 of the Texas code, the power is a general one, we know of no principle upon which we can say that it applies to one class of cases and not to another. Unless we are to hold it to be wholly inoperative it would seem that suits to foreclose mortgages or other liens were obviously within its contemplation. In any event this was the construction given to it by the Court of Civil Appeals, and apparently by the Supreme Court of the state, and is obligatory upon this court as a construction of a state statute."

Upon the authority of the foregoing decisions we conclude that it is clearly within the competency of the state of Virginia "to provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which the defendant, being a non-resident, is brought into court only by publication," and we are of opinion that the sections of Virginia Code, 1904, referred to, though general in their character, afford authority for such procedure.

*A fortiori* should this be true in the present case, where the non-resident defendant stands in the relation of trustee merely to the property, and is impleaded along with the beneficial

owners, who are residents of the state and are before the court on personal service of process.

In the precise form in which it is now presented the question involved is of first impression in this court. The case of *Grubb* v. *Starkey*, 90 Va. 831, 20 S. E. 784, was a suit for specific performance, in which the defendants, being non-residents, were proceeded against by publication. The court enforced specific performance of the contract, and, as ancillary relief, awarded damages for the breach. The defendants resisted a decree against them *in personam* on the ground that they had been proceeded against by publication; but the court held that by their appearance it acquired personal jurisdiction over them, and decreed accordingly. The case of *McGavock* v. *Clark*, 93 Va. 810, 22 S. E. 864, was also a suit for specific performance of a contract of sale of real estate. The bill was filed by a resident vendor against non-resident vendees, and prayed for a personal decree against them, as additional security to the land itself, for the purchase money due upon it. But the court denied the prayer, for the obvious reason that the non-resident defendants had been proceeded against by publication and had never appeared. The distinction between that case and the one under review is, however, quite apparent. The object of this suit is to acquire title to the land merely, and no relief is sought against the non-resident personally. .

For these reasons we are of opinion that the Circuit Court erred in sustaining the demurrer to the bill, for which error the decree appealed from must be reversed, and the case remanded for further proceedings.

*Reversed.*