[Civ. No. 10834. Fourth Dist., Div. One. Dec. 6, 1971.]

ANA MARIA PEREZ, Plaintiff and Appellant, v.
NARAJAN SINGH, Defendant and Respondent.

## COUNSEL

Clarence E. Blair for Plaintiff and Appellant.

Horton, Knox, Carter & Foote and J. Penn Carter for Defendant and Respondent.

## OPINION

**AULT, J.**—Plaintiff Ana Maria Perez filed this action in the Superior Court of Los Angeles County in March 1970, seeking a judicial determination of the paternity of her daughter, born April 3, 1956. The complaint alleged the action was brought on behalf for the minor child and, in addition to seeking an adjudication of paternity, asked for support of the minor child together with attorney fees and court costs. An order to show cause requesting support, attorney fees and court costs pendente lite was also filed in the Los Angeles Superior Court.

The alleged father, Narajan Singh, moved for a change of venue to Imperial County, where he resided, and demurred to the complaint on the ground it failed to state facts sufficient to constitute a cause of action. The Los Angeles Superior Court granted the motion for change of venue, ordered the order to show cause off calendar without prejudice to plaintiff's right to apply for a new hearing date in Imperial County, and did not rule on the demurrer.

The file was transferred to Imperial County where the court eventually sustained the demurrer without leave to amend and dismissed the action. The appeal is taken from the judgment of dismissal and raises the propriety of the court's ruling sustaining the general demurrer without leave to amend. (*Lavine* v. *Jessup,* 48 Cal.2d 611, 614 [311 P.2d 8].)

From the outset the defendant has erroneously maintained the complaint fails to state facts sufficient to constitute a cause of action because it alleges the minor child whose paternity it seeks to establish was born in 1956, approximately 14 years before the complaint was filed. Citing cases holding a complaint which shows on its face a long, unexplained delay in bringing the action is subject to a general demurrer for laches (*Kleinclaus* v. *Dutard,* 147 Cal. 245, 250 [81 P. 516]; *Seculovich* v. *Morton,* 101 Cal. 673, 677 [36 P. 387]; *Bell* v. *Hudson,* 73 Cal. 285, 289-290 [14 P. 791]; *Williams* v. *International Longshoremen's & Warehousemen's Union,* 172 Cal.App.2d 84, 86 [341 P.2d 729]), he prevailed upon the trial court to sustain his general demurrer without leave to amend.

The rule enunciated in the cases defendant relies upon is not applicable to the complaint under consideration here. Unlike the defense of the statute of limitations, which may be invoked in either a legal or equitable action, the defense of laches can be asserted only in equity (*Brownrigg* v. *deFrees,* 196 Cal. 534, 539 [238 P. 714]; *Smith* v. *City of Los Angeles,* 66 Cal.App.2d 562, 586 [153 P.2d 69]). An action to establish paternity and to obtain support raises legal, not equitable issues (*Myers* v. *Harrington,* 70 Cal.App. 680, 689 [234 P. 412]; *Kyne* v. *Kyne,* 38 Cal.App.2d 122, 133 [100 P.2d 806]). Laches may not be asserted as a bar to a legal action.

Moreover, an action to establish the paternity of an illegitimate child and to obtain support for the child is brought by the mother on behalf of the child (Civ. Code, § 196a). In such an action, the child is the real party in interest, and the statute of limitations on the paternity aspect of the case is tolled during the minority of the child (*Van Buskirk* v. *Todd,* 269 Cal.App.2d 680, 689 [75 Cal.Rptr. 280]). The obligation of a father to support his child, whether legitimate or illegitimate, is a continuing duty against which the statute of limitations does not run during the time the child needs such support (*Fernández* v. *Aburrea,* 42 Cal.App. 131, 132 [183 P. 366]). The result would be no different if the complaint were considered to raise equitable issues. Since the action is brought on the child's behalf, and all benefits derived from it would belong to the child, laches could not be imputed to her during her minority in any event (*Patterson* v. *Patterson,* 102 Ariz. 410 [432 P.2d 143, 148]; 27 Am.Jur.2d, Equity, § 168, p. 712).

The complaint states a cause of action. The trial court abused its discretion in sustaining the demurrer without leave to amend and in ordering a judgment of dismissal.

The judgment of dismissal is reversed. The trial court is directed to make

and enter an order overruling the demurrer and permitting the defendant to answer the complaint within a reasonable time.

Brown (Gerald), P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.