[Civ. No. 55323. Second Dist., Div. Five. Dec. 14, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY et al.,
Defendants and Respondents;
CAROL ANNE HERSHELMAN, Real Party in Interest and
Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Michael Nash, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

No appearance for Real Party in Interest and Respondent.

OPINION

STEPHENS, J.—On June 7, 1973, Carol Anne Hershelman filed a petition to seal her juvenile court records pursuant to Welfare and Institutions Code section 781. The record consisted of her convictions in adult court in 1966 of two counts of robbery in the first degree in violation of Penal Code section 211 and assault on a peace officer in violation of Penal Code section 243. On January 18, 1967, Hershelman was committed to the Youth Authority. The juvenile court granted the petition on July 17, 1973. This appeal followed a denial of a motion to

vacate the order to seal the record made on November 9, 1978. The stated ground for denial was "unreasonable delay."[1]

Despite the fact that "unreasonable delay" appears patently correct, nevertheless, it is argued that delay is no prohibition where the court is without power to make the order it did.

█ The question is: Does section 781 of the Welfare and Institutions Code permit the sealing of a person's record, convicted in an adult court during that person's minority? The answer is No.

Section 781 of the Welfare and Institutions Code states in applicable part: "(a) In any case in which a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court, in any case in which a person is cited to appear before a probation officer or is taken before a probation officer pursuant to Section 626, or in any case in which a minor is taken before any officer of a law enforcement agency, the person or the county probation officer may, five years or more after the jurisdiction of the juvenile court has terminated as to the person, or, in a case in which no petition is filed, five years or more after the person was cited to appear before a probation officer or was taken before a probation officer pursuant to Section 626 or was taken before any officer of a law enforcement agency, or, in any case, at any time after the person has reached the age of 18 years, petition the court for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, and public officials as petitioner alleges, in his petition, to have custody of such records. . . ."

After a careful reading of the above section, we are unable to arrive at any conclusion but that the order for the sealing of the records was without jurisdiction. █ The voidness of the order appears on its face. Hence, it may be corrected at any time. (*Lovret* v. *Seyfarth* (1972) 22 Cal.App.3d 841, 854 [101 Cal.Rptr. 143].)

The question of laches is answered in *Perez* v. *Singh* (1971) 21 Cal. App.3d 870 [97 Cal.Rptr. 920], at page 872, where it states: "Laches

---

[1]"The Court finds that while the order should not have been issued initially that there has been an unreasonable delay on the part of the State of California in moving to vacate said order. For over five years the petitioner has been led to believe that these arrests have been sealed."

may not be asserted as a bar to a legal action." The equitable principle has no application in the action before us. While we are no less sympathetic than the lower court, we are bound to follow the law rather than our visceral feeling of societal kindness.

The order is reversed and the cause remanded with directions that a new and different order be entered granting the motion to vacate the order sealing the records.

Kaus, P. J., and Hastings, J., concurred.