Filed 7/7/16  In re Dylan A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re DYLAN A., a Person Coming Under the Juvenile Court Law. | |
| | D068594 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J234077) |
| v. | |
| DYLAN A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Browder A. Willis III, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew S. Mestman and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

A petition filed under Welfare and Institutions Code[1] section 602 in the Los Angeles Superior Court alleged Dylan A. committed several offenses. Dylan pleaded no contest to the counts alleging he committed battery in violation of Penal Code section 242, and assault with a means of force likely to cause great bodily injury in violation of Penal Code section 245, subdivision (a)(4). Dylan was placed on probation. The matter was transferred to the San Diego Superior Court and, approximately 18 months later, the trial court terminated Dylan's probation, dismissed the case, and ordered the records sealed under section 786.

The People subsequently moved to set aside the sealing order on the grounds Dylan's offenses were statutorily ineligible for sealing under section 786. Dylan opposed the motion, asserting that dismissal of the case terminated the jurisdiction of the court to set aside its prior orders. The trial court granted the People's motion and vacated its prior order sealing Dylan's records.

The controlling statute is section 786, which provides in subdivision (a) that "[i]f a minor satisfactorily completes . . . probation under Section 725 . . . the court shall order the petition dismissed [and] shall order sealed all records pertaining to that dismissed petition . . . ." However, section 786 also limits the power of the court to grant that relief by providing, at subdivision (d), that "[a] court shall not seal a record or dismiss a petition pursuant to this section if the petition was sustained based on the commission of an offense listed in subdivision (b) of Section 707 that was committed when the

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

individual was 14 years of age or older unless the finding on that offense was dismissed or was reduced to a lesser offense that is not listed in subdivision (b) of Section 707." The People contend, and Dylan concedes, that because one of Dylan's convictions was for violating Penal Code section 245, subdivision (a)(4), the court did not have the authority to dismiss the petition or seal the record because his offense is "an offense listed in subdivision (b) of Section 707."  (See § 707, subd. (b)(14).)

Because the court did not have authority to seal the records, the decision in *People v. Superior Court* (*Hershelman*) (1979) 99 Cal.App.3d 865 (*Hershelman*) supports the conclusion the prior order sealing the records was properly vacated even after the time for appealing that order expired.  In *Hershelman,* the petitioner obtained an order sealing her records under section 781, even though her records were statutorily ineligible for sealing under section 781.  Five years later, the state moved to vacate that order, asserting the court lacked the power under section 781 to seal those records, but the trial court denied the motion because of the lapse of time.  (*Hershelman,* at pp. 867-868.)  The Court of Appeal reversed, concluding that under section 781, "the order for the sealing of the records was without jurisdiction.  The voidness of the order appears on its face.  Hence, it may be corrected at any time."  (*Hershelman,* at p. 867.)  We agree with the People that, because the sealing order here was in excess of the power of the court when it was entered, it was void and subject to correction at any time.  "A judgment void on its face because rendered when the court . . . exceeded its jurisdiction in granting relief which the court had no power to grant, is subject to collateral attack at any time.  [Citations.]  An attack on a void judgment may also be direct, since a court has inherent power, apart

3

from statute, to correct its records by vacating a judgment which is void on its face, for such a judgment is a nullity and may be ignored." (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239.)

Dylan asserts that because the court dismissed the petition at the same time it entered the sealing order, the court's jurisdiction to do anything (including vacating the void order sealing the records) was terminated, and it did not have jurisdiction to enter the subsequent order vacating the earlier sealing order. Dylan also asserts *Hershelman* should not be followed because it did not consider this jurisdictional issue. We are not persuaded by Dylan's argument, for several reasons. First, his argument assumes the order he claims divested the court of jurisdiction to act—the order dismissing the petition under section 786—was itself a valid order. However, our reading of section 786 convinces us that the same statutory limitation on the court's power to *seal* the record applied equally to limit its power to dismiss the petition under section 786, by stating that "[a] court shall not seal a record or dismiss a petition pursuant to this section if the petition was sustained based on the commission of an offense listed in subdivision (b) of Section 707." Because the court's dismissal under section 786 appears equally void, the court never divested itself of any authority over this proceeding.[2]

---

[2] Dylan, perhaps implicitly recognizing the logical flaw in his claim, appears to suggest the order dismissing the petition was entered under section 782 rather than under section 786. However, this claim itself suffers from its own factual and legal infirmities. As a factual matter, the record does *not* reflect the petition was dismissed under section 782, because Dylan never mentioned or invoked section 782 in the proceedings at which dismissal and sealing were sought, and the court did not make the findings that are mandatory before it may dismiss in "the interests of justice" under section 782. (See,

4

Second, even assuming the order dismissing the petition was not void ab initio, it is clear (and Dylan implicitly concedes) the *sealing order* was void on its face because of the limitations placed on the court's authority by section 786.  It is the general rule that a court has inherent power to correct void orders "at any time." (*Hershelman, supra,* 99 Cal.App.3d at p. 867.)  Dylan's contrary argument relies on an unstated predicate: once a judgment has become final by the expiration of the period for appeal, a court, on its subsequent discovery that it has entered a void order, is hamstrung from correcting that order until it has *reacquired* in personam and subject matter jurisdiction over the parties burdened and benefitted by that void order.  However, Dylan cites no pertinent authority for that predicate, and his argument appears logically inconsistent with the extensive body of case law that a court has inherent power to set aside void orders at any time. (See, e.g., *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 19 [" 'A judgment void on its face may be set aside on motion without any time limitation.' "], citing numerous cases; *Wilson v. Goldman* (1969) 274 Cal.App.2d

---

e.g., *In re Juan C.* (1993) 20 Cal.App.4th 748, 752-753.)  Instead, the court noted Dylan had complied with everything and that he had "performed satisfactorily on probation," which *are* the predicates to a dismissal and sealing order under section 786.  As a factual matter, it is clear the court employed section 786, rather than section 782, when it purported to dismiss the petition.  Moreover, we question whether, as a legal matter, the court had the power to dismiss the petition under section 782.  That section provides that a "judge of the juvenile court *in which a petition was filed* may dismiss the petition . . . if the court finds that the interests of justice . . . require that dismissal" (§ 782, italics added), and at least one court has construed section 782 to preclude a "transfer-in" court from dismissing a petition filed in another jurisdiction.  (See *Steven R. v. Superior v. Court* (2015) 241 Cal.App.4th 812, 819 [rejecting "construction of section 782 that would permit one juvenile court to dismiss a section 602 petition filed in another juvenile court. As discussed, section 782 plainly and unambiguously provides otherwise."].)  Thus, neither the record on appeal nor the statutory scheme supports Dylan's claim that the court's order dismissing the petition relied on any section other than section 786.

573, 577.)  We conclude the court's order here, entered on recognizing that its power to act was controlled by statute and its prior order was void because it exceeded that statutory jurisdiction (accord, *In re Estate of Gebis* (1999) 186 Ill.2d 188, 192-193 [710 N.E.2d 385]), was properly entered even though the period for appeal had expired.

## DISPOSITION

The order is affirmed.

McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.