PIKE v. GLEASON ET AL.

SECOND NATIONAL BANK OF AURORA v. SAME.

SAME v. SAME.

1. **Mortgage:** MERGER IN LEGAL TITLE: INTENTION OF PARTIES. The conveyance of the legal title of lands by the mortgagor to the mortgagee, does not merge the mortgage in the legal title, when such is not the intention of the parties, but, in such case, the law will regard the mortgage as a subsisting lien, which, in the hands of the mortgagee or his assigns, may be enforced against the land.

2. ———: ASSIGNMENT OF BALANCE: PRACTICE IN FORECLOSURE. Where a mortgage was assigned to a bank as collateral security, and the "balance," after satisfying the bank, was assigned to the intervenor in the foreclosure proceeding, *held* that it was proper for the court to order such balance paid to the intervenor, without determining the amount of such balance and rendering judgment therefor.

3. **Practice on Appeal:** APPELLANT NOT PREJUDICED. An appellant who is not prejudiced by the action of the court cannot ask a reversal of the cause on account of such action: *e. g.*, a mortgagor cannot complain because the court did not, in the decree of foreclosure, render a personal judgment against him.

*Appeal from Jones Circuit Court.*

FRIDAY, DECEMBER 8.

ACTIONS to foreclose separate mortgages. There was a decree in each case granting the relief prayed for in the respective petitions. Defendants in each case appeal.

*C. E. Wheeler, Pratt & Carr*, for appellants.

*Sheean & McCarn*, for appellees.

BECK, J.—I. Each of these cases rests upon substantially the same facts. They were tried upon the same testimony and are submitted together in this court. The controlling facts of the respective cases, so far as it becomes necessary to state

them, in view of the questions upon which our decision is based, are these: Griswold and wife executed the mortgages in suit. The mortgage involved in the second action was given to Huber, those in the first and third, to Crosby. Huber transferred the mortgage executed to him, with the note which it was given to secure, to Crosby, who afterwards transferred it, and the note and mortgage involved in the second case, to the Second National Bank of Aurora. Crosby transferred the note and mortgage, which are the foundation of the first action, to Pike, the plaintiff therein. Subsequently to these transfers, Stivers obtained a judgment against Griswold, the mortgagor, in the several cases, and caused the land covered by the several mortgages to be sold, bidding it in and taking a sheriff's certificate, which he assigned to defendant Gleason, to whom a sheriff's deed was afterwards executed.

After the transfer of the respective mortgages and notes as above stated, Griswold and wife conveyed the lands covered by the mortgages to Crosby.

Gleason now insists that the lands were conveyed to Crosby in satisfaction of the respective mortgage debts; that the respective assignees of the mortgages stand in the shoes of Crosby, not being entitled to the protection of indorsers of commercial paper, and that the mortgages cannot be enforced as liens paramount to his title under the sheriff's sale and deed.

II. The evidence fails to show that the conveyance of the lands was made to Crosby with the intention thereby to sat-

1. MORTGAGE: merger in legal title: intention of parties.

isfy the mortgages; indeed the proof authorizes the conclusion that such intention was entertained by neither Crosby nor Griswold, but it was the purpose that the mortgages should stand. The positive evidence of Crosby is to this effect, and he is corroborated by Griswold. Upon such intention of the parties, the law will regard the mortgages as subsisting liens, which, in the hands of the mortgagee or his assignees, may be enforced against the land. *Wickersham v. Reeves & Miller,* 1 Iowa, 413; *Linscott v. Lamart et al.,* 46 Iowa, 312; *First National Bank of*

*Waterloo v. Elmore et al.*, 52 Iowa, 541; *Woodward v. Davis*, 53 Iowa, 694.

III. Pike and Lyman intervened in the second action, showing an assignment from Crosby for whatever balance should remain and be due him upon the note secured by the mortgage which was transferred to the bank by him, to secure an indebtedness he owed the bank.

*2. ———: assignment of balance: practice in foreclosure.*

As the mortgage continued to be a subsisting lein, it was competent for Crosby to assign whatever interest remained in him. The bank being the holder of the mortgage as collateral security, Crosby was entitled to any balance that should remain after the bank was paid. The assignment to the intervenors transferred the right and title of Crosby to the balance. It was not necessary, as appellants claim, that the court should find an amount due the intervenors and render judgment therefor. As the assignment to them passed title to the balance due on the mortgage after the bank should be paid, it was proper for the court to direct that such balance be paid them.

IV. The decree of the Circuit Court does not provide for a personal judgment against the mortgagors. This is not a matter against which either they or Gleason can complain. Neither are prejudiced thereby. A personal judgment against the mortgagor would not benefit Gleason, and surely the mortgagors ought to be satisfied with the decree in its present form.

*3. PRACTICE on appeal: appellant not prejudiced.*

The decree of the Circuit Court is

AFFIRMED.