AMERICAN BUILDING & LOAN ASSOCIATION v. L. E. MATHEWS ET AL.

Delivered April 8, 1896.

**Citation of Non-Resident—Service by Notice—Jurisdiction.**

Under the Acts of 1893, page 77, authorizing service of citation against non-residents by notice, as then or thereafter provided by law, in proceedings to quiet title to real estate, where a non-resident building and loan association was served by means of the statutory notice delivered to its president outside of the State, the court had jurisdiction to cancel a deed in trust held by it and remove the cloud cast upon plaintiff's title, and such a decree is not one in personam.

ERROR from Dallas. Tried below before Hon. EDWARD GRAY.

*Field, Brown & Camp*, for plaintiff in error.

*H. G. Robertson* and *Kemp & Wharton*, for defendants in error.

JAMES, CHIEF JUSTICE.—The bill was brought in December, 1894, by Mathews and wife against the plaintiff in error and one Hall, averring that plaintiff in error was incorporated under the laws of Minnesota, and had its principal office in Minneapolis, in that State; that certain land, their homestead, had, by a contrivance between them, said association and Hall, been incumbered by a deed of trust in favor of the association for a loan of money, all in contravention of the homestead provisions of this State, and therefore void; that the loan had been fully paid, in fact, had been overpaid to the extent of $608; that the deed of trust was upon record in Dallas County, where the land was situated, and said association had refused to enter satisfaction of the incumbrance or execute a release. The prayer was for a cancellation of the deed of trust, etc., and for judgment in favor of plaintiffs against the association for the sum of $608, with interest. There was a dismissal as to Hall.

The citation was by delivery of a notice to the president of the association, at Minneapolis, and no question is made on the sufficiency of the judgment under our statute in such cases provided. The only contention presented here is that it was not competent for the court to exercise jurisdiction over the subject matter of the bill, upon the character of service had.

The service was by notice addressed to this defendant, and delivered to the president of the corporation, at Minneapolis, and return thereof made, all in conformity with our statutes regulating such matters. Sayles' Civil Statutes, arts. 1230, 1231, 1232, 1233, 1233a. These features of the citation are not called in question.

The court rendered no judgment against the association on the money demand, nor for costs. The judgment annulled the deed of trust, declared that it was no lien, and removed it as a cloud on plaintiff's title.

A statute was enacted in this State in 1893, evidently in view of the decision in Arndt v. Griggs, 134 U. S., 316, by which service by pub-

lication, or by notice, as then or thereafter provided by law, for citation against non-residents, persons unknown, or transient persons, was distinctly authorized as to such persons. Acts 1893, p. 77. The class of cases specified in such act as subject to its provisions are those brought by any person claiming a right or interest in or to any property in the State, against any person or persons who are non-residents of the State, or whose place of residence is unknown, or who are transient persons, who claim an adverse estate or interest in, or who claim any lien or incumbrance on, said property, for the purpose of determining such estate, interest, lien or incumbrance, and granting (quieting?) the title to said property, or settling the lien or incumbrance thereon.

There is no merit in plaintiff in error's position that the decree was void as being in personam. The opinion in Arndt v. Griggs is a sufficient answer to the proposition. The power of the State to provide directly by act for quieting of titles or removal of cloud on title, or other settlement of the status of property within its limits, by proceedings against such residents, by constructive service, is clearly declared in that case; and it is obvious that there can be no difference in respect to whether the service provided is by publication or by notice actually served. The latter method is clearly less objectionable in its working, and better calculated to convey notice to the defendant.

What is said in plaintiff in error's brief concerning the absence of attachment proceedings to confer jurisdiction, is not applicable to the case.

The judgment is affirmed.

*Affirmed.*