THE C. M. HAPGOOD SHOE COMPANY ET AL. v. FIRST NATIONAL BANK OF CROCKETT.

Decided May 3, 1900.

**1. Mortgage Not Merged by Assignment to Purchaser of the Property.**

Where the owner of property subject in part to a judgment lien, and also in whole to a prior mortgage lien, sold the property to a purchaser who assumed the mortgage debt, and to whom the mortgagee assigned the mortgage, it being the intention of all the parties that the lien of the mortgage should be kept alive for the purchaser's protection against the judgment, there was no extinguishment of the mortgage lien by operation of merger.

**2. Same—Subrogation Not Applicable.**

The doctrine of subrogation has no application in this case, since, by virtue of the agreement and intention of the parties, the mortgage lien was kept alive, and was not extinguished.

**3. Same—Bond of Indemnity Not Affecting the Purchase.**

Nor did the fact that the purchaser also took a bond of indemnity from the owner, their grantor, against the junior judgment lien, affect the question, since this was in no sense a satisfaction of the mortgage lien, and the liability of the obligors on it was continued.

APPEAL from Houston. Tried below before Hon. A. D. LIPSCOMB.

*Crook & Crook* and *A. A. Aldrich,* for appellants.

*Adams & Adams,* for appellees.

GARRETT, CHIEF JUSTICE.—The appellants, as creditors of one R. D. King, obtained judgments against him, and recorded abstracts thereof so as to make them liens on his real estate situated in Houston County, not exempt from execution. King, joined by his wife, had previously given a deed of trust to secure notes in favor of J. B. Smith upon certain lots in the town of Crockett upon which he erected a three-story building, afterwards used as a hotel, and a one-story building adjoining the same, which he rented out as a store. King and his wife claimed that the entire property was their homestead. It does not appear that King disputed the lien of the Smith deed of trust which, with the notes, had been assigned by Smith to the First National Bank of Crockett, but he denied that the appellants had acquired any lien by the record of their judgments, because the property was exempt from forced sale as the homestead of himself and wife.

The appellants brought a suit in the District Court of Houston

County to subject the property to sale for the satisfaction of their judgments. Smith and the First National Bank of Crockett were made parties defendant as asserting some lien in the property. On appeal to this court from a judgment rendered in said cause by the District Court, it was determined that the entire property was subject to the lien created by the deed of trust, and that there was a balance due thereon in favor of the First National Bank of Crockett for the sum of $1588.16, and that the three-story building with the stairway thereto through the one-story building was exempt from forced sale, and not subject to the appellants' judgments, but that the latter building was not exempt. It was adjudged that the building not exempt should be sold first, and the proceeds of sale first applied to the satisfaction of the lien in favor of the bank, the balance, if any, to be paid upon the judgment liens; and that if the building not exempt should not sell for enough to pay off the lien in favor of the bank, the three-story building should then be sold for the satisfaction of the balance due the bank. King v. Hapgood Shoe Co., 21 Texas Civ. App., 217.

Pending the appeal in the above case, King and his wife sold the entire property to James S. Shivers and Charles L. Shivers, composing the firm of Shivers Bros., by deed dated May 20, 1898, and filed for record May 21, 1898, for a recited consideration of $9000. Of this amount $5600 was paid to King by the purchasers. The balance, $3400, they paid to the bank, being the amount of the indebtedness of King to the bank, including the balance of $1588.16 that had been adjudged to be a lien upon the property, and the bank then transferred and delivered to Shivers Bros. the notes of King originally given to J. B. Smith and secured by the deed of trust, and also transferred to them its judgment against King in the cause in the District Court of Houston County, No. 4148 (C. M. Hapgood Shoe Company v. R. D. King et al.), rendered April 20, 1898, from which the appeal as above stated was had. King also gave Shivers Bros. a bond signed by King and his wife Renna D. King, H. F. Moore, and A. H. Wooters, to indemnify them against any loss from the liens claimed by the appellants. It was the intention of all the parties that the lien of the bank should be kept alive in the hands of Shivers Bros. to protect them against the judgment liens in favor of the appellants.

On September 11, 1899, after the cause No. 4148 had been finally disposed of in the Court of Civil Appeals, the appellants filed this suit in the District Court of Houston County against the First National Bank of Crockett, James S. Shivers, Charles L. Shivers, H. F. Moore, and A. H. Wooters for the cancellation of the lien of the First National Bank as having been paid off and discharged, and that if it should be found that the defendants James S. Shivers and Charles L. Shivers were the owners of the said lien, to require them first to resort to their bond of indemnity, and that plaintiffs might proceed to execute their judgment without regard to the lien of the bank. Upon the trial below the

facts were developed substantially as above stated. The several judgments in favor of the appellants are correctly stated in their petition.

We do not think that the conclusion of the trial court, that the consideration for the sale of the property to Shivers Bros. was only about $5600, was correct, for the evidence shows that King owed the bank about $3400 which Shivers Bros. were required. to take up, and that the lien assigned to them was for the balance due on the Smith deed of trust which had been adjudged to be $1588.16; and from all the evidence we conclude that $9000 was the amount of purchase money agreed on for the property, but that the lien of the bank was to be kept on foot in order to protect Shivers Bros. against the judgment liens of the appellants. King was willing to sell the property to Shivers Bros. and to pay out of the purchase price thereof the senior lien which had been adjudged against all of it. This lien would just about absorb that part of the property subject to appellants' liens, and if he had extinguished the lien of the bank by payment, the effect would be to give priority to the appellants. Shivers Bros. wished to buy, and, desiring to be protected against the junior lien of appellants, required the notes and judgment in favor of the bank to be assigned to them. They also exacted the indemnity bond. It is quite clear that there was no intention that the lien of the bank should be extinguished by the payment, but on the contrary that it was the intention of the parties to keep it on foot.

While it is the general rule that when the title to the land and the mortgage debt become vested in the same person, the mortgage is merged in the title and becomes extinguished, yet the mortgage may be kept alive for the protection of the purchaser of the title, and there will be no merger contrary to the intention of the parties. · 15 Am. and Eng. Enc. of Law, 319, et seq., citing Pike v. Gleason, 60 Iowa, 150, and other authorities. The intention must exist at the time of the payment. 15 Am. and Eng. Enc. of Law, 325, note 1. The evidence in this case shows that the advice of counsel was taken, and that it was the intention of the parties at the time the money was paid to the bank that the mortgage should be assigned to Shivers Bros. for their protection, and this was done by the bank. There is no equitable reason why the mortgage should be held to be extinguished contrary to the intention of the parties, for the appellants have the same security that they had before the sale of the property, and the assignment of the deed of trust and judgment and their right to a sale thereof is in no way impaired or affected. They are in no worse position than they were.

While the facts in the cases of Silliman v. Gammage, 55 Texas, 365; Fears v. Albea, 69 Texas, 437; and Bank v. Ackerman, 70 Texas, 320, may distinguish them from the case now under consideration, yet the principle that the intention of the parties will control is recognized in the opinions of the court in those cases. There being no intention that . the mortgage should be extinguished, the fact that the amount thereof was reserved from the price of the property would not bring about. an effect contrary to such intention.

Appellants insist that the payment of the mortgage was a part of the consideration paid for the property, and that, such being the case, the mortgage became extinguished, and that Shivers Bros. could not be subrogated to the mortgagee's rights to enforce the same for their protection against appellants' liens, citing 24 Am. and Eng. Enc. of Law, 255, 256. This doctrine also has its limitations and exceptions. In Matzen v. Shaeffer, 65 California, 81, cited in the volume of the Encyclopedia referred to, at page 257, as concisely stated in the note copying the syllabus, "A purchaser of land on which there was a mortgage agreed with the owner and the mortgagee to pay the mortgage debt as a part of the consideration for the purchase; the debt was paid by him to the mortgagee, and the remainder of the purchase money to the owner, who thereupon conveyed the land to the purchaser. The mortgagee entered upon the record satisfaction of the mortgage debt. It was held that the transaction operated as an equitable assignment of the mortgage to the purchaser, and was a lien prior and superior to that of a judgment against the mortgagor obtained and entered after the execution of the mortgage and before the entry of satisfaction." 3 Pom. Eq. Jur., secs. 1211, 1212.

The facts of the case just cited are not nearly so strong as those of the present case in favor of the right to have the mortgage kept alive. But a distinction must be observed between subrogation to and an assignment of the mortgage. Subrogation is an act of law, and not of contract. The doctrine of subrogation does not apply to this case, because it was the agreement and intention of the parties that the mortgage should be kept alive for the protection of Shivers Bros. against the judgment in favor of the appellants. The fact that Shivers Bros. also took a bond of indemnity against these junior liens does not affect the question. The liability of the obligors on the bond is purely contingent, and depends upon the ability of the appellants to have the senior incumbrance set aside in their favor. The bond is in no sense a satisfaction of that lien.

The judgment of the court below will be affirmed.

*Affirmed.*