### BARTLETT OIL MILL v. TOM CAPPES.

Decided March 10, 1909.

**Claim for Damages—Compromise—Consideration.**

One who, believing in good faith that he is entitled to recover damages for a personal injury, agrees on a settlement in compromise of such claim, cannot be defeated of his action to enforce such agreement by proof that his claim was not meritorious and defendant's agreement to compromise it was therefore without consideration.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*Richard Critz*, for appellant.—A party urging a contract of compromise, must show affirmatively by a preponderance of the evidence that at the time the settlement was made he asserted a cause of action against the defendant, believing at the time in good faith that he had a cause of action enforceable in the courts of the country against said defendant. The statement of Tom Cappes says that he thought nothing of what he could get in the courts, but just thought they ought to pay, and his statement taken on the whole only shows that he was urging moral grounds. 6 Am. & Eng. Ency. Law, 713, 714, 742.

*Stanton & Allen* and *Wilcox & Graves*, for appellee.—Compromise of a cause of action, real or supposed, made in good faith is binding. Cameron v. Thurmond, 56 Texas, 34; Pegues v. Haden, 76 Texas, 99; Hunter, Evans & Co. v. Lanius, 82 Texas, 685; 6 Am. & Eng. Ency., 713, 714, and notes.

RICE, ASSOCIATE JUSTICE.—Appellee while at work as linter man for appellant on the 5th day of January, 1907, had his right hand so mangled and injured by the saws of one of its gins as made it necessary to have two of his fingers amputated, whereby he was disabled for work. He claims that thereafter, on the 9th of January, he made a contract and agreement with the mill, through its general manager and agent Ogden, whereby appellant bound itself to pay plaintiff his regular wages so long as he might be disabled from said injury, together with his doctor's bill. Appellant having failed and refused to comply with this contract as contended by appellee, the latter brought this suit against appellant in the Justice's Court upon said contract, alleging that he was disabled for the performance of the work from

the time of said injury until the 6th of April, a period of thirteen weeks; that he was receiving $12 per week for his services, wherefore he was entitled to recover from appellant the sum of $156 on account of said contract, nothing being claimed for doctor's bill, the same having been paid by appellant. Appellee further alleged that at the time of entering into said contract, he in good faith believed he had a good cause of action against appellant on account of said injuries, and that he accepted said settlement in compromise for all damages that he might have received by reason thereof.

Appellant answered by general and special exceptions, general denial, and specially denied that it made any contract of settlement; and further pleaded that there was no consideration for said contract, if any was so made, as contended by appellee.

Appellee recovered in the Justice's Court, from which appellant appealed to the County Court, where judgment was again rendered against it in favor of appellee for the full amount of his claim, from which this appeal is prosecuted.

Appellant by its first assignment of error insists that the court erred in rendering judgment against it, because the evidence shows no legal, valuable or good consideration as a basis for the contract sued upon, and by its proposition thereunder insists, in effect, that if appellee had and asserted no cause of action on account of said injury, he was therefore not entitled to recover. By his counter-proposition, appellee insists that the compromise of a cause of action, real or supposed, made in good faith, is binding. This we believe to be the law. It is not essential, in our judgment, that there should have been in fact a good cause of action before appellee would have had the right to recover upon the contract. It is only necessary to show that he was injured, as claimed, and that he in good faith believed that he had a cause of action arising therefrom at the time he entered into the compromise, in order to maintain his suit thereon. The evidence, briefly summarized, shows that appellee suffered the injury while at work for appellant, from the effects of which he was disabled, as claimed by him. It likewise shows that appellant made the contract asserted by appellee, and that at the time of entering into the contract appellee in good faith believed he had a cause of action. The evidence further tends to show that at the time appellant made the contract of settlement that its manager must have entertained the belief that appellee had a good cause of action, for it appears that he proposed the settlement himself, which appellee accepted. While the evidence, it may be conceded, failed to disclose that the injuries received by appellee were due to any fault or negligence upon the part of appellant, still we think this is immaterial under the authorities.

In Camoron v. Thurmond, 56 Texas, 34, it is said, quoting from leading cases in equity: "An agreement entered into upon the supposition of right or of a doubtful right, though it often comes out that the right was on the other side, shall be binding, and the right shall not prevail against the agreement of the parties, for the right must always be on one side or the other, and therefore the compromise of a doubtful right is a sufficient foundation of an agreement."

In Pegues v. Haden, 76 Texas, 99, it is said: "When a right is

doubtful, is controverted, or where the object is to avoid or settle the litigation, a compromise duly executed will not be set aside by the courts if the parties act in good faith, and there is no fraud or misrepresentation."

In Volume 6, Am. & Eng. Ency. Law, 2d ed., p. 711, it is said: "As it is the policy of the law to discourage litigation and to enforce voluntary settlements effected without the interposition of the law, it has uniformly been held that the compromise of doubtful claims is valid, the mutual release of their respective rights by the parties to the controversy, and the avoidance of the expense and annoyance of a suit at law, being a sufficient consideration for the composition." Citing various cases in support of the text.

In Honeyman v. Jarvis, 79 Ill., 318, it is said: "The compromise of a doubtful right, though it afterwards turns out the right is on the other side, when there is neither actual nor constructive fraud and the parties act in good faith, with full knowledge of the facts, is sufficient consideration to support a compromise, the real consideration which each party receives under the compromise being, not the sacrifice of the right, but the settlement of the dispute and the abandonment of the claim. It is no objection to the validity of the transaction that the right was really in one of the parties only, and that the other had no right whatever. The fact that the one may have had no claim is immaterial if he was honestly mistaken in that regard."

There is no contention in this case that there was any fraud or imposition by appellee upon appellant. It was shown that while appellee had not consulted any attorney about the matter, and was not advised of his legal rights before making the contract, nevertheless, that he believed that he had a good cause of action, and, according to his evidence, the proposition of settlement was suggested by appellant's agent, and it appears that the agreement of compromise was entered into by both parties with full knowledge of all the facts relative to the injury. And it may be that the inducing cause on the part of appellant to make said compromise was to avoid litigation, which would have been sufficient consideration under the authorities to sustain the agreement. Believing the law under the facts is with the appellee, this assignment is overruled.

The remaining assignments of error are not briefed in accordance with the rules and decisions of the courts, and it is not, therefore, incumbent upon us to consider them. They are therefore overruled.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*