## WEST v. McCELVEY LOAN & INVESTMENT CO. (No. 6314.)

(Court of Civil Appeals of Texas. Austin. March 9, 1921. Rehearing Denied April 27, 1921.)

1. **Estates** &marcap;10(1)—**Rule as to merger stated.**

In law when an inferior title is vested in the holder of a superior title, the inferior is merged in the superior, and ceases to exist, but equity will preserve the inferior title and prevent a merger, when such was the intention of the parties to the transaction at the time, and no injustice will be done thereby.

2. **Mortgages** &marcap;268 — **Purchase of interest notes by equitable owner held not payment or extinguishment of lien as respected inferior lien.**

Where one for whose use and benefit the title to land was held by another subject to a deed of trust and a vendor's lien subordinate thereto purchased coupon notes for interest on the debt secured by the deed of trust, with intention that the debt evidenced by the notes should not be paid, and that the lien held to secure them should not be extinguished, but preserved for its benefit, the notes were not paid, and the lien not extinguished, as no injustice would be done the holder of the vendor's lien.

Appeal from District Court, Bell County; F. M. Spann, Judge.

Action between D. M. West and the McCelvey Loan & Investment Company. Judgment for the latter, and the former appeals. Affirmed.

J. H. Evetts, of Temple, and Tyler, Hubbard & Tyler, of Belton, for appellant.

Sam D. Snodgrass, of Temple, for appellee.

JENKINS, J. This suit was tried on the following agreed statement of facts:

"On, to wit, January 1, 1912, W. W. Walker, being the then owner of that 109 acres of land described in plaintiff's petition, did on said day execute and deliver to the Amicable Life Insurance Company of Waco, Tex., his one promissory note for the principal sum of $2,000, due on January 1, 1922, bearing interest from date at the rate of 8 per cent. per annum, the interest being evidenced by 10 coupon notes for the principal sum of $160 each, which were attached to and made a part of said principal note, all of which interest notes were signed by W. W. Walker and his wife, Sallie A. Walker, payable to the Amicable Life Insurance Company of Waco, Tex., and evidenced the annual interest on said $2,000 note until the due date thereof.

"That contemporaneously with the execution and delivery of said notes and for the purpose of securing same, the said W. W. Walker and wife made, executed, and delivered to J. H. Mackay, as trustee for the use and benefit of the Amicable Life Insurance Company, a deed of trust lien on and covering the said 109 acres

of land, which deed of trust, was duly recorded in the deed records of Bell county, Tex., and the same evidences a first lien upon the land described in plaintiff's petition.

"Subsequent to January 1, 1912, and prior to November 28, 1914, W. W. Walker and wife conveyed the 109-acre tract of land to one R. L. Dockum, as shown by deed to said Dockum of record in the deed records of Bell county, Tex., and to which reference is here made; that on, to wit, November 28, 1914, said R. L. Dockum and wife conveyed said land to Smith and Peyton Hardware Company, which conveyance was made in part consideration of one note for $160, due December 1, 1915, payable to said R. L. Dockum, which note was secured by a lien retained in said deed; that on the same date, to wit, November 28, 1914, but by a separate and distinct deed, said R. L. Dockam conveyed to Smith and Peyton Hardware Company 54 acres of land adjoining the 109-acre tract covered by the deed of trust in favor of the Amicable Life Insurance Company, which 54 acres was so conveyed in part consideration of six notes executed by Smith and Peyton Hardware Company and payable to R. L. Dockum. Note No. 1, being for the principal sum of $500, due January 1, 1916, and the other five notes being for the principal sum of $250 each, due January 1, 1917 to 1921, inclusive; that in due course of trade said six notes became the property of D. M. West, one of the defendants herein.

"On August 26, 1915, Smith and Peyton Hardware Company, by its deed in writing of that date, conveyed to W. G. Bryant both tracts of land in one deed, said conveyance being in part consideration of the assumption by said Bryant of the $2,000 note, with interest thereon held by the Amicable Life Insurance Company, the one note for $160 held by R. L. Dockum and the six notes held by D. M. West, which had been given as part of the purchase money for the 54 acres.

"On the 3d day of February, 1916, by his written transfer of that date, R. L. Dockum transferred to E. F. Lanham the one note for $160 hereinabove described, together with the lien on the said 109 acres of land, which transfer is hereto attached, marked 'Exhibit A,' and made a part hereof.

"That on, to wit, February 4, 1916, the said W. G. Bryant executed and delivered to the said E. F. Lanham his extension agreement, by the terms of which the due date of said note for $160 was extended to the 10th day of February, 1916, which extension agreement is hereto attached, marked 'Exhibit B,' and made a part hereof.

"That on, to wit, February 4, 1916, for the purpose of further securing said note for $160, the said W. G. Bryant made, executed, and delivered to Sam D. Snodgrass, trustee for the use and benefit of E. F. Lanham, his deed of trust on said 109-acre tract of land, which deed of trust is hereto attached, marked 'Exhibit C,' and made a part hereof.

"The said W. G. Bryant, having failed to pay said note at the time of its maturity, as per the terms of said extension agreement, Sam D. Snodgrass, as such trustee, being requested so to do by the said E. F. Lanham, and on, to wit, the 7th day of March, A. D. 1916, did sell said land at trustee's sale, the said E. F. Lanham becoming the purchaser thereof, all as shown by deed executed by Sam D. Snodgrass to E. F.

Lanham of date March 8, 1916, which is hereto attached, marked 'Exhibit D,' and made a part hereof.

"That thereafter and on, to wit, the 29th day of March, A. D. 1916, by his deed in writing of that date, the said E. F. Lanham conveyed said 109-acre tract of land to one C. D. Shepperd, the consideration for said conveyance being the assumption by said Shepperd of the one note for $2,000 and all interest thereon held by the Amicable Life Insurance Company, and the execution by said Shepperd of his one note for the principal sum of $750, payable to McCelvey Loan & Investment Company, and due on the 1st day of January, A. D. 1922, as well as the conveyance by said Shepperd to E. F. Lanham of a certain house and lot in Temple, Tex., described in that deed recorded in volume ——, at page ——, of the Bell county deed records, to which reference is here made.

"Thereafter, to wit, on the —— day of —— A. D. 1916, D. M. West, one of the defendants herein, being the owner of said six notes that were given in part payment for the 54 acres as hereinabove described, filed his suit in the district court of Bell county, Tex., in cause styled D. M. West v. E. F. Lanham, etc., wherein he alleged that in his purchase of both tracts of land from Smith and Peyton Hardware Company W. G. Bryant assumed payment of all the notes then outstanding against both tracts, and that by said assumption he, the said D. M. West, as the holder of the six notes that were given in part payment for the 54 acres held a lien on the 109 acres to secure his said notes, which lien was subject and inferior to the lien in favor of the Amicable Life Insurance Company to secure the $2,-000 loan, as well as interest thereon, and subject and inferior to the lien securing said note for $160. At the time said suit was filed C. D. Shepperd was claiming the 109-acre tract of land under and by his purchase from E. F. Lanham, as above shown. In said suit the said C. D. Shepperd, McCelvey Loan & Investment Company, H. M. McCelvey, Jr., and E. F. Lanham were made parties defendant. Said cause was tried at the November, 1917, term of the district court of Bell county, Tex., and resulted in a judgment in favor of D. M. West for foreclosure of his lien on the 109-acre tract of land, subject to the lien in favor of the Amicable Life Insurance Company, and subject to the lien in favor of E. F. Lanham as the holder and owner of the one note for $160, the trial court holding that in his purchase of both tracts W. G. Bryant's assumption of all the outstanding notes had the effect to spread the lien over the 109-acre tract in favor of D. M. West as the holder and owner of the notes, and that were executed in part payment of the 54 acres, which judgment provided for the issuance of an order of sale, and directed the proceeds thereof applied, first, to the payment of the judgment in favor of E. F. Lanham, based on said note for $160, and then to the payment and satisfaction of the judgment in favor of D. M. West on the six notes so held by him, which judgment is recorded in Book ——, at page ——, Minutes of the District Court of Bell County, Texas, and reference to which is hereby made. That thereafter to wit, on the —— day of May, A. D. 1919, upon order of sale issued, said 109 acres of land was sold by the sheriff of Bell county, Tex., at which sale D. M. West be-

came the purchaser, he being the highest and best bidder, and said West is now in possession of said land, claiming the same under and by virtue of said purchase.

"It is agreed that C. D. Shepperd's title so acquired by him from E. F. Lanham failed by reason of said judgment, and that to make his warranty good said Lanham accepted from C. D. Shepperd reconveyance of said 109 acres, the recited consideration in said reconveyance being $2,000 cash, but the real consideration was the reconveyance by E. F. Lanham to said C. D. Shepperd of the house and lot that said Shepperd had conveyed to him as a part of the consideration for said land, the said Lanham accepting said reconveyance, however, subject to all outstanding indebtedness then existing against said 109 acres, which indebtedness was evidenced by the one note for $2,000, hereinabove described, as well as the interest coupon notes thereto attached, and the note for $750 that had been given by said C. D. Shepperd to McCelvey Loan & Investment Company, the recitals in said deed from C. D. Shepperd and wife to E. F. Lanham being as follows: 'This conveyance is made by these grantors and accepted by this grantee subject to all outstanding indebtedness now existing against the above-described land. The said indebtedness being evidenced by one certain promissory note dated January 1, 1912, executed by W. W. Walker, payable to the order of Amicable Life Insurance Company of Waco, Tex., secured by a deed of trust on the above-described land, which deed of trust is recorded in Book 224, at page 462, of the Real Estate Records of Bell County, Texas. The said indebtedness being for the principal sum of two thousand dollars, together with interest thereon accrued; and it is specifically understood and agreed that this grantee does not in any manner assume the payment of the said indebtedness nor any part thereof, nor does he agree to pay the same at any time, and it is understood and agreed that he shall not be personally liable for the payment of any sums whatsoever by reason of his accepting title to the herein described land hereunder, but the above-described land is conveyed to him for the consideration herein first recited; and, further, this conveyance is made by these grantors and accepted by this grantee subject to one certain note dated March 29, 1916, executed by C. D. Shepperd, payable to McCelvey Loan & Investment Company, or order, being for the principal sum of $750.00, due on January 1, 1922, and fully described in that deed from E. F. Lanham and wife to C. D. Shepperd, dated March 29, 1916, and recorded in vol. 272, at page 592, of the deed records of Bell county, Texas, to which reference is here made.' Said deed being hereto attached, marked Exhibit E, and made a part hereof.

"During the pendency of said suit so filed by D. M. West against the McCelvey Loan & Investment Company et al., and before said land was sold at sheriff's sale under the order of sale, two of the interest notes for $160 each matured, which interest notes were purchased by McCelvey Loan & Investment Company from the Amicable Life Insurance Company, the purchase of interest note No. 6, being for the interest on said loan for the year 1917, having been made on December 28, 1917, and the purchase of interest note No. 7, being for interest on said loan for the year 1918, having been made by said McCelvey Loan & Investment Company on January 9, 1919. The McCelvey Loan & Investment Company paid full face value for each and both of said notes, and its purpose in so purchasing them was to protect the interest of all parties to said litigation during the pendency of said suit and until the final disposition thereof. At the time said respective coupon notes were so purchased the Amicable Life Insurance Company executed and delivered to McCelvey Loan & Investment Company its written transfers and assignments of said notes, which transfers and assignments are hereto attached, marked 'Exhibit F,' and prayed to be taken as a part hereof. It is agreed that in accepting the transfers so executed by the Amicable Life Insurance Company and in the payment of the money for said coupon notes, the McCelvey Loan & Investment Company had no intention of paying said notes off and retiring them as a lien and charge against said 109 acres of land, but, on the contrary, the intention of said company, as well as the intention of the Amicable Life Insurance Company, was that the McCelvey Loan & Investment Company should have a lien on said 109 acres of land subject only to the lien held and retained by Amicable Life Insurance Company to secure the unpaid balance of the $2,000 note held by it, as well as the interest coupon notes that might thereafter mature, and in this connection it is agreed that this court is to determine, as a matter of law, whether under the above statement of facts the McCelvey Loan & Investment Company has a lien on said land to secure it in the payment of said two interest coupon notes. It being agreed that said notes are now the property of McCelvey Loan & Investment Company, and that they have placed same in the hands of Sam D. Snodgrass, an attorney, for collection, and have agreed to pay him the 10 per cent. called for as attorney's fees. It is further agreed in this connection that in the purchase of said 109 acres at the trustee's sale by E. F. Lanham, said Lanham was acting for McCelvey Loan & Investment Company, and that while the title to said land was taken in the name of E. F. Lanham, he held same for the use and benefit of the McCelvey Loan & Investment Company. It is further agreed that in the reconveyance of said land by C. D. Shepperd to E. F. Lanham, the said E. F. Lanham was acting for the use and benefit of the McCelvey Loan & Investment Company, and that said company under said deed held the beneficial title, if any. It is further agreed, however, in this connection, that in accepting reconveyance from C. D. Shepperd and wife, E. F. Lanham's purpose and intention was to protect C. D. Shepperd on the warranty, said Shepperd's title having failed by reason of the foreclosure judgment in favor of D. M. West."

The issue involved on this appeal is whether the purchase of the two coupon notes for $160 each, by appellee, from the Amicable Life Insurance Company, was, in law, the payment of said notes and the extinguishment of the lien to secure the same. These notes were superior to the lien under which appellant purchased, and, if such lien was not extinguished under the facts above set out, the judgment of the trial court should be affirmed; otherwise it should be reversed.

[1] The contention of appellant is that as the legal title to the land was in appellee at the time it purchased these notes; and, as it held such title in subordination to the lien on the land to secure the notes, in purchasing the same it was but paying its own debt, and that such lien was extinguished by merger of the equitable title in the legal title held by appellees. In law, when an inferior title is vested in the holder of a superior title, the inferior is merged in the superior, and thereby ceases to exist. But equity will preserve such inferior title, and prevent a merger when such was the intention of the parties to the transaction at the time thereof, and no injustice will be done thereby. Hapgood v. Bank, 23 Tex. Civ. App. 506, 56 S. W. 995; Tankersley v. Jackson, 187 S. W. 985; Henningsmeyer v. Bank, 192 S. W. 290; Cole v. Grigsby, 35 S. W. 690; Smith v. Cooley, 164 S. W. 1052; 27 Cyc. 1377, 1379.

[2] The agreed statement of facts shows that it was the intention of appellee and the life insurance company that the debt evidenced by the notes transferred should not be paid, and the lien held to secure the notes should not be extinguished, but that such lien should be preserved for the benefit of appellee. No injustice is done appellant in so holding, as he is in no worse condition by appellee holding such lien than he would have been had the notes and lien remained the property of the insurance company.

For the reason stated, the judgment of the court below is affirmed.

Affirmed.