## FERGUSON v. RAGLAND et ux.
### (No. 6771.)

(Court of Civil Appeals of Texas. San Antonio. June 7, 1922. Rehearing Denied June 28, 1922.)

1. **Compromise and settlement ⬅️17(1)—Contention that there were no grounds for dispute held unavailing.**

A party to a written compromise cannot contend that there was no dispute to compromise, when the instrument clearly recites the grounds for settlement, and he deliberately signed and acknowledged it for registration before his lawyer, a notary public.

2. **Mines and minerals ⬅️75—Compromise extension of oil lease held binding as not without consideration.**

Where, after dispute as to whether lessee had failed to drill a well and thereby forfeited his lease, a supplementary agreement was made whereby lessee was to assign to lessor a portion of the lease, lessor reserving an option to surrender the assignment within 30 days and take in lieu $3,000, the agreement was a binding compromise and an extension of the lease upon the consideration of lessor's waiver of right to enforce surrender of the original lease.

3. **Compromise and settlement ⬅️24—Affirmative instruction properly refused upon issue of validity of consideration to support a compromise, where necessity for compromise was contradicted.**

Where the evidence was contradictory that a well drilling rig had been erected by lessee, and the controversy resulted in a compromise extending the lease, the court properly refused to instruct affirmatively for lessee that the "undisputed" evidence showed the rig had been built, and that the compromise wanted consideration.

4. **Landlord and tenant ⬅️96—Leasehold assigned conditionally to lessor does not merge into lessor's superior title.**

A leasehold assigned to lessor does not merge into lessor's superior title, where lessor reserves an option to surrender the assignment, or take a cash payment and ratify the original lease.

5. **Estates ⬅️10(1)—Merger of estates a question of intention and not favored in equity.**

Equity does not favor the merger of estates, and regards the question whether estates have merged largely as one of intention, and where it is to the interest of the owner that they remain separate the law presumes an intention corresponding to this interest.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by J. D. Ragland and wife against James E. Ferguson. From a judgment for plaintiffs, defendant appeals. Affirmed.

Ghent Sanderford, of De Leon, and Calloway & Calloway, of Comanche, for appellant.

Hampton & Harris, of De Leon, for appellees.

COBBS, J. Appellee brought this suit against appellant to recover the sum of $3,000, the contract price of an oil and gas lease. The original lease was dated June 23, 1918, expiring April 21, 1921, by and between appellees and the Henry Oil Company. Appellant acquired by due course of transfer the lease contract. The leased premises are described in the original contract, and among other considerations the sum of $1,000 cash. The contract provided it was to remain in full force for a term of 18 months, and to continue as long thereafter as oil or gas, or either of them, is produced from said land by the lessee.

It was provided if no well be commenced on said land before the 23d day of June, 1919, the lease should terminate as to both parties, unless appellant on or before that date pay to the appellees' credit in the Farmers' & Merchants' National Bank at De Leon, Tex., the sum of $500, which shall operate as a rental and cover the privilege of deferring the commencement of a well for six months from said date, which covers the appellant's option of extending that period as aforesaid.

A controversy arose between appellant and appellees as to whether said oil and gas well was begun within the time limit, and the said parties composed their differences by compromise, and on the 10th day of March, 1920, entered into a renewal or extension agreement among other things in consideration of the execution and delivery by the appellant to appellees of an assignment of said oil and gas lease upon 10 acres, being subdivisions Nos. 5 and 16, as shown by dedication deed executed by appellant and placed upon the records of Eastland county, and the further consideration of appellant to appellee, guaranteeing to pay appellees at De Leon, Tex., $3,000 on or before 30 days from date, conditioned that appellant shall have the privilege of selling said 10 acres lease and retaining the proceeds, or of retaining said lease or of returning said 10 acres to appellant at the end of the 30 days and receiving said payment of $3,000 in cash from appellant in lieu thereof. And it is expressed, and agreed and acknowledged in said written renewal and extension agreement:

"That said well was begun within the time prescribed within the terms of said oil and gas lease, and that the beginning of said well by the said James E. Ferguson was in time to prevent the termination and the forfeiture of said lease, and that said lease is now in full force and effect, and that this instrument is executed for the purpose of making clear and perfect the title in said lease to the said James E. Ferguson for the part owned by him and the other parties legally holding under the said Henry Oil Company subject to the terms and conditions of this contract."

And further provided:

"The said James E. Ferguson does hereby agree, bind and obligate himself to pay to the said J. D. Ragland said sum of three thousand ($3,000.00) dollars on or before thirty (30) days from this date at De Leon, Comanche county, Texas, as is hereinbefore mentioned and set out and does hereby assign to the said J. D. Ragland said oil and gas lease on said subdivisions Nos. five (5) and sixteen (16) as shown by his said dedication deed as hereinbefore mentioned with the right to the said J. D. Ragland to sell and assign said oil and gas lease on said subdivisions Nos. five (5) and sixteen (16) to any person or persons whomsoever at any time hereafter by releasing the said James E. Ferguson from said three thousand ($3,000.00) dollar obligation, but if the said J. D. Ragland has not so sold and assigned said oil and gas lease on said subdivisions Nos. five (5) and sixteen (16) on or before thirty (30) days from this date, then he shall surrender same back to the said James E. Ferguson as a condition precedent for the payment of said three thousand ($3,000.00) dollars."

The contract further provided:

The failure and default of appellant to drill said well to completion "will be and constitute a termination of said lease, * * * but shall in no way relieve the said James E. Ferguson of the payment of said sum of three thousand dollars."

We have only set out such portions of the contract as are material for the disposition of this case.

The case was heard before a jury on special issues, who having answered same favorably to appellees, the trial court caused to be entered in favor of appellees a judgment for the sum of $3,000.

The defense of appellant consists of various exceptions and general and special answers and pleas, and claiming that said contract was wholly unilateral and without consideration; and that no tender was ever made to the appellant of the assignment to submissions 5 and 16. We do not think there is any merit in the appellant's first assignment. The petition shows on its face a good cause of action. It sets out with great particularity the grounds and the breach upon which it sought to recover the judgment; besides the written contracts are part of its pleading. It showed that the demand and cause of action was based upon a valid legal contract describing a sufficient valid consideration in law. It shows that a dispute arose between the parties as to certain terms in the first contract which was adjusted by a subsequent new contract of extension for an additional consideration. There is nothing alleged showing that the contract was unilateral, without consideration, or mutuality. The appellees surrendered the right to forfeit for the new obligation that adjusted and settled all differences. Appellees were as much bound by the terms of the contract as

was appellant, because after that agreement he lost the right to cancel the lease.

[1] The court submitted to the jury to ascertain whether or not there was any controversy or doubt in regard to when the actual drilling on said land should commence, and they found there was. There was sufficient evidence to show there was, but outside of this the appellant has bound himself by saying so. Appellant on that issue is bound both by the findings of the jury, as well as by his own written declaration. It will be well to remember in such cases the exclamation of old Job, "O, that mine enemy would write a book!" It is not shown by appellant that he did not know what·he was doing or that any actual fraud was committed or mutual mistake made in the agreement, or coercion used to compel him to sign his name thereto, which he deliberately signed and acknowledged before his lawyer, a notary public, for registration.

It would serve no useful purpose here to discuss any question in respect to whether appellant had or had not commenced drilling the well within the terms of the contract or what any one thought about it. That contract was merged in the renewal and extended contract. The jury and appellant himself have settled that issue.

[2] Now as to the question raised that there was no consideration for the renewal we cannot follow counsel's reason for that position. It can hardly be denied when appellant was in the game for oil and gas leases, from the price agreed to be paid therefor, that "the sky was to be the limit." The law does not change so fast as do the disappointed hopes of oil speculators, for the law still upholds contracts to compose differences made upon valid considerations. Von Hatzfield v. Haubert et al. (Tex. Civ. App.) 224 S. W. 220; Castleberry v. Bussey (Tex. Civ. App.) 166 S. W. 14; Baker v. Heney (Tex. Civ. App.) 166 S. W. 19; Landers v. Fox (Mo. App.) 209 S. W. 287; Fontaine v. Davis & Powell (Tex. Civ. App.) 164 S. W. 386; Gardner v. Ward, 99 Ark. 588, 138 S. W. 981; Bartlett Oil Mill Co. v. Cappes, 54 Tex. Civ. App. 354, 117 S. W. 485; Franklin Insurance Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Gilliam v. Alford, 69 Tex. 267, 6 S. W. 757; City of Longview v. Capps (Tex. Civ. App.) 123 S. W. 160; Murphy v. Booker, 139 Ark. 469, 214 S. W. 63. Likewise the extension agreement was on a mutual valid agreement that carried a valid consideration for the extension. Benson v. Phipps, 87 Tex. 580, 29 S. W. 1061, 47 Am. St. Rep. 128; Austin Real Estate Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; Lipscomb v. Walker (Tex. Civ. App.) 175 S. W. 449; Clopton v. Flowers (Tex. Civ. App.) 183 S. W. 68; 7 Cyc. 731. Nothing is so well settled as that agreements, made to require one to perform an obligation that the law compels him to perform any way, are without any consideration, but that such agreements, when made for extension by mutual obligations upon proper consideration, are always enforceable.

This contract must be considered in its entirety. It was a compromise settlement and extension of the lease. Appellees gave up their right to forfeit the lease at that time, and gave the extension requested, and acknowledged it valid and a binding consideration in the mutual promise to pay and to receive the $3,000. It also had an alternative provision in ·respect to the 10-acre lease, which appellee might keep and sell or return to Ferguson as herein stated. There was ample consideration shown and expressed in the agreements, and appellant has presented no fact or sufficient reason by which he will be permitted to avoid his obligation.

[3] The court did not err in refusing to given appellant's special charge No. 1, directing the jury that the undisputed evidence showed on December 23, 1919, that appellant had built a derrick and a rig upon the land and lease in question, and that the compromise of the dispute relative thereto would not be a sufficient consideration to support a compromise, etc., to "find a verdict for the defendant." This charge is so plainly a charge upon the weight of evidence and so plainly erroneous that comment is unnecessary. The evidence on the subject was disputed and the compromise was the result thereof, and the compromise and the renewal agreement and extension in pursuance thereof was based upon a good and sufficient consideration. The assignment is overruled.

The third assignment is overruled. To have given the special charge No. 2 requested would have been error.

The contract to reassign appellant the oil and gas lease on the 10-acre tract, or retain the same, or during the 30-day interval sell the same to a third person, is valid, and was a mutual agreement whereby it was part of the consideration that appellant solemnly entered into to secure the extension. It was not lacking in mutuality. When appellees surrendered their rights to forfeit the lease, it was supposed there was an abundance of oil and gas within the soil. It was not therefore a unilateral contract, but was one of binding force, mutually upon all parties. It was not a nudum pactum contract, as contended for by appellant, but it was binding alike upon each party and enforceable against both. Besides this charge, calling for an instructed verdict, was otherwise objectionable.

[4] The court did not err in refusing to give the third requested charge of appellant that when appellant surrendered the leasehold estate covering the 10 acres of land it became merged as a part of the superior title already owned by appellees, and could not by a reassignment or by any other character of instrument such as tendered or pleaded revive the said leasehold interests, claiming

it does not in any way set out the character of interest or lease which should be conveyed to appellant in order to collect the $3,000 sued for herein, and claiming said contract to be void for uncertainty, and the jury here again directed to bring in a verdict for appellant.

This charge nowhere states correct principles of law. This part of the contract is a part of the original in which the terms of beginning and ending is specifically stated and in which there is no uncertainty. Suppose appellant had conveyed the 10 acres to appellees unconditionally and the title did merge as to that portion, is it the contention of appellant that appellees could not reconvey it to appellant upon any valid consideration that might be agreed upon? But here the effect of the transaction was not intended as a merger of the two so-called estates. It was but an option after the settlement of the controversy to give appellees the privilege of retaining or selling 10 acres of the leased land, or in lieu thereof returning the 10 acres at the end of 30 days and obligating appellant to pay them $3,000 in consideration that they did ratify and confirm the lease, and to give appellant a valid and binding ratification of the lease in consideration of his promise to pay said money in event appellees had not sold or elected to take 10 acres in lieu thereof by the termination of the 30 days.

[5] Mergers of estates are not favored in equity, and in equity the question as to whether estates merge depends largely upon the intention of the parties and the circumstances, and whether justice requires that they should be kept separate, so if at the time it is claimed the two estates merged in the same person, it was the intention of the appellees here that they should not merge, equity will regard the estates as distinct, because where it was to the interest of the owner that the estates should remain separated, the law presumes an intention corresponding with his interest, and not one contrary to the agreement. West v. McCelvey Loan & Inv. Co., 229 S. W. 913; Hopgood v. Bank (Tex. Civ. App.) 56 S. W. 995; Tankersley v. Jackson (Tex. Civ. App.) 187 S. W. 985.; Henningsmeyer v. Bank (Tex. Civ. App.) 192 S. W. 290; Cole v. Grigsby, 13 Tex. Civ. App. 425, 35 S. W. 690; Smith v. Cooley (Tex. Civ. App.) 164 S. W. 1052; Cyc. vol. 27, pp. 1377, 1379; Hawley & McGregor, Real Property, p. 281.

The defense of merger here, if sustained, would be allowing appellees by the rankest technical rule to escape the obligations of his contract. There is no pleading or fact presented justifying such a defense, for the instruments upon their face show no such merger of the legal and equitable title as to declare eo instante a legal satisfaction. There is no merit in this defense as applicable to the facts here. Beauchamp v. Zellmer (Tex. Civ. App.) 227 S. W. 968.

There is no evidence of fraud, mutual mistake, or coercion in this case. In respect to the latter, it can hardly be supposed that the appellant, James E. Ferguson, could be coerced and driven to enter an agreement not to his wishes or inclination.

There is no merit in the assignment that appellees did not tender to appellant the 10-acre lease of the land. This was admitted, as shown by the agreement of counsel, as well as by appellant himself and by his letters introduced in evidence on the trial.

Carefully we have examined all the assignments and propositions, and especially the charges requested by the appellant and refused by the court, and, finding no reversible errors assigned or committed by the court, the judgment is affirmed.