Ellis IDEN et ux., Appellants,

v.

Mildred ACKERMAN et al., Appellees.

No. 3173.

Court of Civil Appeals of Texas.

Eastland.

June 3, 1955.

Rehearing Denied June 24, 1955.

John A. Coffee and W. I. Gamewell, Big Spring, for appellants.

Rodgers & Adams, Big Spring, Freeman L. Mittenthal, Elihu E. Berwald, Dallas, for appellees.

COLLINGS, Justice.

Ellis Iden and wife, Dorothy Iden, brought this suit against Mildred Ackerman and husband, Harry Ackerman, Helen Clanton and husband, James Clanton, and Tom Adams and Mac Rodgers. Plaintiffs sought to rescind and cancel certain written and recorded instruments and to remove them as a cloud on plaintiffs' title to a described 80 acre tract of land situated in Howard County, Texas.

Plaintiffs alleged in their petition that plaintiff Dorothy Iden and defendants Mildred Ackerman and Helen Clanton were sisters and daughters of Clyde McKee and wife, Effie McKee, both deceased; that during their lifetime, to-wit: on December 27,

1934, the said Clyde McKee and wife purchased the 80 acre tract in question; that the deed by which the land was acquired was to Clyde McKee as grantee and a part of the consideration was the execution by McKee of two vendor's lien notes, one for $2,466.60 and another for $365, which constituted community indebtedness; that the family resided on and used the land as their homestead.

Plaintiffs further alleged that during August of 1935 Effie McKee died intestate and that no administration was had on her estate; that Clyde McKee was unable to pay the purchase price for said land, and by reason of the existence of the community debt sold and conveyed the 80 acre tract to plaintiff, Ellis Iden; that a part of the consideration for the conveyance was the assumption by Ellis Iden of the above-described community indebtedness of Clyde McKee and Effie McKee and that Ellis Iden did, thereafter, in accordance with his agreement, pay and discharge said debt and vendor's lien.

Plaintiffs further alleged that on or about April 26, 1954, defendant Mildred Ackerman made and filed for record in the Deed Records of Howard County an affidavit which recited that she and Helen Clanton owned and claimed an interest in said land as heirs of their deceased mother, Effie McKee; that on April 28, 1954, plaintiffs executed a mineral deed purporting to convey to Mildred Ackerman and Helen Clanton an undivided 26/80ths interest in the minerals in said tract, which instrument recited a consideration of $10 which was not paid and not intended to be paid; that on the same date defendants Mildred Ackerman and Helen Clanton executed and delivered to plaintiffs a quitclaim deed which purported to release and quitclaim all their right, title and interest in and to the surface of said land for a recited consideration of $10 which was not paid.

Plaintiffs alleged that said quitclaim instrument did not release or quit claim to them any title or interest in the land because the defendants, Mildred Ackerman and Helen Clanton, had and owned no right,

title or interest therein. Plaintiffs also alleged that on the same date Mildred Ackerman and Helen Clanton, joined by their husbands, executed mineral deeds purporting to convey to defendants Tom Adams and Mac Rodgers an undivided 6/80ths mineral interest in said tract of land; that prior to the time of the execution and delivery of such mineral deed to defendants, Adams and Rodgers, they and each of them had actual and constructive notice and knowledge of all facts alleged in plaintiffs' petition.

Plaintiffs further alleged that on May 22, 1954, the parties involved executed an instrument purporting to ratify and confirm the instruments executed by them on April 28, 1954 which said instrument recited that the tract of land involved contained 85.4 acres and that Mildred Ackerman and Helen Clanton should have an undivided 26/854ths mineral interest therein, out of which Adams and Rodgers should have 6/854ths mineral interest and that the balance of the minerals and surface should remain in plaintiffs, Ellis Iden and wife.

Plaintiffs alleged that all of the above-described instruments and particularly the instrument by which they purported to convey a mineral interest in the land to the defendants Mildred Ackerman and Helen Clanton were wholly without consideration in that the recited consideration of $10 was not paid or intended to be paid and that the instruments by which such defendants purported to release and quitclaim their interest in said land to plaintiffs were no consideration for the mineral conveyance executed by plaintiffs because the defendants Mildred Ackerman and Helen Clanton had and owned no right, title or interest of any nature in said land.

Plaintiffs further alleged that the execution of said instruments was occasioned by a mistake of fact or by a mistake of law by all of the parties involved; that Mildred Ackerman and Helen Clanton claimed an interest in said land by virtue of claimed inheritance from their mother which belief on their part was a mistake of fact or of law which was shared in by the plaintiffs; that

by reason of such mistake the above-described instruments were executed and delivered by the parties and constituted a cloud on plaintiffs' title to the tract of land involved. Plaintiffs prayed that each of said instruments in writing be set aside and cancelled and that plaintiffs' title to the land involved be quieted in them.

All defendants filed answers denying plaintiffs' allegations of mutual mistake and lack of consideration and claimed title to the mineral interests in the land as purported to be conveyed by the instruments described. The trial was before the court without a jury. Judgment was entered in favor of defendants. Ellis Iden and wife have brought this appeal.

It was found by the court that the parties hereto entered into a settlement agreement which they made effective by the execution and delivery by appellees to appellants of a quitclaim deed to all of the surface rights in and to the land in question, and the execution and delivery by Iden and wife of a mineral deed to appellees, conveying a 26 acre mineral interest in said property.

Appellants contend that the court erred in holding there was a contract of compromise and settlement. They urge that there is no evidence of the existence of a dispute between the parties at the time of the consummation of the purported compromise transaction between them. Appellants say that the uncontroverted evidence shows that the instruments which they seek to cancel and rescind were executed, delivered and accepted solely by reason of a mutual mistake of fact on the part of both appellants and appellees, that is, that both believed that appellees owned an interest in the land as heirs of their mother, Effie McKee, when in truth and fact, appellees then owned no interest in the land; that appellants, by the deed from Clyde McKee to Ellis Iden acquired the fee simple title to the land; that since appellees owned no interest in the land there was no consideration for the claimed contract of compromise and settlement.

We cannot agree with the contention that the contract of compromise and settlement was without consideration. Generally, a mutual agreement to compromise a dispute is of itself a valuable consideration sufficient to support the contract. 9 Tex.Jur. 340; Little v. Allen, 56 Tex. 133, 138. It was found by the court and appellants concede that Mildred Ackerman and Helen Clanton, in good faith, believed that they, as heirs of their mother, owned an interest in the land. The evidence shows that appellees were pressing their claim. Under such circumstances there was a valuable consideration for a contract of compromise in compliance with which deeds were exchanged vesting in the parties agreed interests in the land. O'Fiel v. Janes, Tex.Civ.App., 220 S.W. 371 (Err.Ref.); O'Fiel v. Janes, Tex. Civ.App., 269 S.W. 1074, affirmed Tex.Com. App., 280 S.W. 163.

In 15 C.J.S., Compromise and Settlement, § 11, p. 732, it is stated as follows:

"An agreement made in good faith, without fraud, compromising a * * * disputed claim to land, is supported by a sufficient consideration, even though such claim is in fact unfounded.

"To support a compromise it is not essential that the question in controversy be in fact doubtful in legal contemplation. It is sufficient that there be an actual controversy between the parties of which the issue fairly may be considered by both parties as doubtful and that, at the time of the compromise they in good faith so consider it."

Contrary to appellants' contention, we are of the opinion that there was evidence of a dispute between the parties at the time of the compromise agreement. We overrule the contention that the evidence conclusively shows that the purported settlement agreement and exchange of conveyances was based solely on a mutual mistake of the parties in believing that appellees owned an interest in the land. The evidence shows that appellees Ackerman and Clanton claimed an interest in the land by inheritance from their mother and filed an affidavit in the deed records of Howard County, Texas, asserting such claim. Appellant Iden was at first of the opinion that the claim

was not well founded. He testified that the attorney who prepared the deed by which he acquired the land in 1940 told him at the time that he was getting good title; that he believed it, and so informed appellees when they first asserted their claim. When appellees insisted upon their claim, Mr. Iden consulted another attorney and after talking with him came to the conclusion that appellees did have an interest. Mr. Iden did not in any way inform the attorney with whom he consulted about any community indebtedness against the land or of his assumption of such indebtedness as a part of the consideration for his purchase. He did not show the attorney his deed to the land or give him the information shown by the recitals in the deed to the effect that the grantor therein, Clyde McKee, was "conveying the land to the grantee to save having to reconvey it to the said Minnie Slaughter Veal, or having the lien securing payment of the indebtedness foreclosed." It is to be noted that appellees did not, by the compromise, acquire the full interest which they claimed. They claimed an approximate 26/80ths undivided interest in the land as a whole. By the settlement agreement they acquired such an undivided interest in the minerals only. The settlement was not in accord with the original contention of either party. The result of the settlement agreement was a compromise of the original conflicting contentions.

Appellants urge that the basis of the settlement was mutual mistake rather than any dispute between the parties. We cannot agree with this contention. The mistake, if any, shown by the evidence, was not the type of mutual mistake which would require cancellation of the settlement agreement. Appellees' contention that they owned an interest in the land was in good faith and honestly made. Appellant Iden became doubtful of his title and at least tended toward the belief that appellees actually owned an interest in the land. This belief, however, was not brought about by any fraud, misrepresentation or concealment on the part of appellees. Appellant Iden's belief concerning the state of the title to the land was prompted by his own investigation. Actual-

ly, appellant was in much better position than appellees to know the facts concerning the title.

 The evidence, in our opinion, shows a bona fide dispute between the parties which was in good faith compromised and settled by an agreement giving appellees only a portion of that which they claimed. It was a family settlement and such settlements are favored in law and equity. In the case of Wedegartner v. Reichert, Tex.Civ. App., 218 S.W.2d 304, 309, (Err.Ref.), it is stated as follows:

"Voluntary compromise settlements, * * * among members of the same family * * * where a claim is asserted in good faith by one or more of the parties and they intentionally put an end to all controversy by a voluntary transaction in the way of a compromise, are highly favored by courts of equity. They will not be disturbed for any ordinary mistake either of law or fact. Where all parties have the same knowledge, or means of obtaining knowledge, in respect to the circumstances concerning their rights, and there is no fraud, misrepresentation, concealment or conduct otherwise inequitable on the part of the other party, voluntary settlements entered into should be upheld, although the final issue may be different from that which was anticipated, and although the disposition made by the parties in their agreement may not be that which the court would have decreed had the dispute been brought before it for decision."

 The doubt or mistaken belief which appellants had about the title to the land because of their mistake or ignorance concerning the law is under the circumstances in this case no ground for rescission or cancellation of the compromise agreement. 9 Tex.Jur. 349; 15 C.J.S., Compromise and Settlement, § 36, p. 757; Bartlett Oil Mill Co. v. Capps, 54 Tex.Civ.App. 354, 117 S.W. 485; Taylor v. Taylor, Tex.Civ.App., 54 S. W. 1039, 1049; Loggins v. Stewart, Tex. Civ.App., 218 S.W.2d 1011 (Err.Ref.).

The judgment is affirmed.